UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff<br><br>v.<br><br>ACCESS FUNDING, LLC, et al.,<br><br>Defendants | **Case No. 1:16-CV-03759-JFM** |

**DEFENDANT CHARLES E. SMITH'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

Defendant, Charles E. Smith, by and through undersigned counsel, hereby submits this Reply Memorandum to Plaintiff's Opposition to Smith's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be granted.

**INTRODUCTION**

Plaintiff filed the current lawsuit against Defendant Smith, and several other Defendants, arising out of the Defendants' work related to the sale of structured settlements. Defendant Smith is alleged to have provided independent professional advice to Maryland consumers, who sold structured settlements to Co-Defendant, Access Funding, LLC. To this end, Plaintiff has asserted causes of action against Defendant Smith for violations of the Consumer Financial Protection Act of 2010 ("CFPA").

Defendant Smith filed a Motion to dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to allege and identify facts upon which to base its alleged violation of the CFPA; Defendant Smith is not a "Covered Person" within CFPA; the CFPA does not apply to the actions of Defendant Smith, as they are excluded by the "practice of law" exclusion of the

CFPA; and Plaintiff's claims constitute an impermissible collateral attack on Maryland State court judgments that approved Maryland the structured settlement transfers at issue.

Plaintiff has opposed Defendant Smith's Motion. Plaintiff asserts that despite the Complaint lacking any facts pertaining to any structured settlement transfer transaction, or interaction between Smith and any consumer, the Complaint has plead sufficient facts; that Defendant Smith is a "Covered Person" under the CFPA because his advice to individuals regarding sales of structured settlement revenue constitutes "financial advisory services"; that there is no collateral attack on the Maryland state court judgments because Plaintiff's claims do not implicate the finality of those judgments; and the Defendant Smith's actions do not fall within the "practice of law" exclusion of the CFPA because Smith's interaction with the alleged consumers was "cursory" and devoid of adequate advice regarding the implications of the transactions.

Plaintiff's arguments are unavailing. The claims Plaintiff has asserted seek to deny or evade the force and effect of the underlying Maryland State court judgments, and thus constitute an impermissible collateral attack. Furthermore, the allegations as to Defendant Smith clearly constitute the "practice of law" and thus are excluded from the scope of the CFPA. Plaintiff's characterization that Defendant Smith provided advice in a "wholly perfunctory" or "cursory" manner does not alter that the advice provided by Smith was in connection with the legal implications of the structured settlement transfers; was provided pursuant to a statutory requirement that a licensed profession (in this case attorney) provide such advice; and was provided to the alleged consumers in connection with a case that was about to be filed in court, namely the State proceedings authorizing the transfer of the structured settlements.

The lack of any facts in the Complaint pertaining to the transactions on which Plaintiff bases its claims is also fatal to Plaintiff's case, as the omission of such makes it impossible for

the Plaintiff to satisfy the *Twombly* standard, because the facts as alleged do not permit the Court to infer more than the mere possibility of misconduct, which is insufficient. Notwithstanding Plaintiff's assertions, Plaintiff cannot satisfy the Covered Person requirement as to Defendant Smith, as advice provided to a seller of an asset does not constitute "financial advisory services."

## ARGUMENT

### I. The Complaint's Allegation as to Smith Constitute the "Practice of Law" and Are Thus Excluded From the Scope of the CFPA.

As is described in Defendant Smith's Motion and accompanying Memorandum of Law, the CFPA contains a broad limitation on the Plaintiff's authority to regulate as it pertains to the practice of law. *Consumer Financial Protection Bureau v. Frederick J. Hannah & Assoc., P.C.*, 114 F.Supp 3d. 1342 (N.D. Geo. 2015). The statute does not permit the Plaintiff to regulate, or pursue enforcement claims alleging violations of the CFPA, with regard to activity engaged in by an attorney as part of the practice of law of the state in which the attorney is licensed to practice. 12 U.S.C. § 5517(e)(1). Plaintiff alleges that the structured settlement transfer statute requires that "independent professional advice" be provided by a licensed professional, including an attorney. The Plaintiff further alleges that consumers sought such "independent professional advice" from Defendant Smith pursuant to the statute; Defendant Smith communicated with consumers in this regard; and Maryland state courts made express findings that Smith had, in fact, provided the statutorily required "independent professional advice," and thus authorized the transfers. See *Complaint*, *generally.*

Defendant Smith asserted in his Motion that the Plaintiff's claims against him necessarily fail because the facts alleged constitute the practice of law under the laws of the state of Maryland, and thus are excluded from the scope of the CFPA.

Plaintiff, in its Opposition, seeks to avoid the "practice of law" exclusion, by simply characterizing the advice Defendant Smith provided to the consumers as inadequate and so

lacking as to not be able to be considered the practice of law. Plaintiff asserts that the advice provided by Defendant Smith was "wholly perfunctory, and directed only to consummating transactions Access Funding sought to complete." *Plaintiff's Opposition*, pg. 15. Plaintiff alleges that Smith recited the terms of the contracts and agreements between the alleged consumers and Access Funding and asked if the consumers understood such. *Id.* Plaintiff then characterizes this advice as "cursory consultations, devoid of any advice on the implications of the transactions." *Id*. Plaintiff then concludes that, in its estimation, such advice does not constitute the "practice of law," and thus is not subject to the "practice of law" exclusion under the CFPA.

Plaintiff's position is without merit. Plaintiff essentially asserts that, because Defendant Smith allegedly did a poor job of providing the service contemplated by the structured settlement transfer statute, that it ceases being the practice of law. In essence, Plaintiff seeks to equate a failure to properly provide the advice required by the statute with practicing law. This is inconsistent with the law. It would also enable the Plaintiff to always avoid the effect of the "practice of law" exclusion, by simply alleging that an attorney, in carrying out the most essential legal service (providing advice as to legal implications), simply did an inadequate job, and thus was not practicing law. This is not how the practice of law is defined, and thus how the exclusion is applied.

As the CFPA makes clear, the essential inquiry is whether the activity constitutes the practice of law under the laws of the state in which the attorney is licensed, in this case Maryland. Under Maryland law, what constitutes the practice of law is a determination that the Maryland Court of Appeals makes. *Public Service Commission v. Hahn Transp., Inc*. 253 Md. 571, 583, 2538 A.2d. 845, 852 (1969). As the courts have noted, however, the General

Assembly has provided guidance in the form of the Business Occupations & Professions Article, which defines "practice law" as follows:

> "(h)(1) practice law means to engage in any of the following activities: (i) giving legal advice;. . .(iii) preparing or helping in the preparation of any form or document that is filed in a court or affects a case that is or may be filed in a court; or (iv) giving advice about a case that is or may be filed in a court."

*Md. Code Ann., Bus. Occ. & Prof., § 10-101.*

The Plaintiff alleges that the advice consumers sought from Defendant Smith was legal advice. Specifically, the structured settlement statute requires that the advice at issue be given by a licensed professional, in this case, an attorney. The "independent professional advice" required by the statue (at the time) was that the attorney, advise the transferor as to the legal, tax, and financial implications of the prospective transfer. The advice contemplated by the statute, and that the Plaintiff alleges the consumer sought from Defendant Smith was necessarily legal advice, and thus the practice of law under the statute.

The actions furthermore constitute practice of law under subsections (iii) and (iv). Plaintiff alleges that Defendant Smith submitted letters in connection with the structured settlement transfer cases filed in the Maryland circuit courts, indicating that the independent professional advice contemplated by the statute had, in fact, been provided. Thus, Defendant Smith prepared or helped in the preparation of a document that was filed or affected a case that had been filed in a court. Similarly, because the statute requires advice be given to the transferor, and furthermore, requires that the transfer be approved by the Court, Smith was necessarily giving advice about a case that was filed in a court, namely the Maryland Circuit Court matter authorizing the structured settlement transfers.

Plaintiff's contention that Defendant Smith did a poor job providing such advice, as Plaintiff characterizes the advice as "wholly perfunctory" or constituting "cursory consultations,"

is insufficient to alter the nature of the service provided. The Maryland Court of Appeals has held that the explanation of legal rights constitutes legal practice of law in Maryland. *Attorney Grievance Commission of Maryland v. Shaw*, 354 Md. 636, 649, 732 A.2d. 876 (1999). Moreover, the interpretation of documents or application of legal principles to problems of any complexity are activities that are "still the practice of law." *Lukas v. Bar Ass'n of Montgomery County*, 35 Md. App. 442, 448, 3718 A.2d 669, 673 (1977).

Notwithstanding Plaintiff's characterizations in its Opposition, the allegations in the Complaint clearly demonstrate that the services alleged to have been provided were legal services, even if the Plaintiff contends that they were not performed properly. The Plaintiff alleges in the Complaint that Defendant Smith advised the alleged consumers without obtaining information about their individual financial situations. *Complaint* ¶ 61. Thus, Plaintiff alleges that Defendant Smith was providing advice. The crux of the assertion is that he was required to do more. That does not remove the services from the practice of law. The Plaintiff also asserts that when Smith was providing the advice to the alleged consumers, the advice implied that they did not need to "understand anything else." *Complaint* ¶ 63. Again, the Complaint alleges that Defendant Smith provided certain advice, and that Plaintiff simply believes it is insufficient. An allegation of insufficient or inadequate advice or interpretation is not synonymous with an action ceasing to constitute the practice of law. The CFPA "practice of law" exclusion applies, and Plaintiff's claims as to Defendant Smith necessarily fail.

## II. Plaintiff's Claims Are a Collateral Attack on the Maryland Circuit Court Judgments.

Defendant Smith identifies in his Motion and accompanying Memorandum the manner in which the Plaintiff's claims in this case seek to impermissibly collaterally attack the judgments entered by the Maryland Circuit Courts in the cases authorizing and approving the structured settlement transfers. Plaintiff asserts that the Defendants contend that the Plaintiff's actions

threaten the finality of the state court judgments, but that the finality of those judgments would only be implicated in the event relief in this case is inconsistent with those judgments. *Plaintiff's Opposition*, pg. 11. Thus, Plaintiff concludes that the remedies for the violation alleged in the Complaint is not at issue, and the Court not need to address this matter at this time.

Plaintiff is incorrect with regard to its characterization of the Defendants' argument, its understanding of the application of the collateral attack doctrine, and its conclusion that the issue is not pertinent for review and determination at this stage.

First, Plaintiff is incorrect that the Defendants' assertion is that the Plaintiff's claims in this case threaten the finality of the Maryland State Circuit Court judgments. As Defendant Smith states in his Memorandum in support of his original Motion:

> "Plaintiff's claims are, therefore, a challenge to the express findings and conclusions of the Maryland Circuit Courts . . . Plaintiff's position in this case is that the transaction at issue are necessary, reasonable or appropriate. If the transactions were, in fact, necessary, reasonable, or appropriate, there would be no basis for Plaintiff's claims, or relief herein."

*Memorandum in Support of Smith's Motion to Dismiss*, pg. 13.

Thus, Plaintiff's characterization of the issue as one pertaining to the "finality" of the Maryland state circuit court decisions is erroneous. The problem is that the very core of Plaintiff's claims seek to attack not the finality or result of the Maryland State court judgments (i.e., the transfer itself of the structured settlement), but rather seek to directly attack the express findings and conclusions of those courts.

Thus, Plaintiff's contention that "only in the event relief inconsistent with those judgments is entered, will their finality be at issue," is misplaced. The inquiry for the court is not limited to a determination as to the finality of the judgments entered by the Maryland state

courts. That is too narrow an interpretation of the collateral attack doctrine.[1] Collateral attack is not limited to instances where one party seeks to challenge the "finality" of an earlier judgment. Rather, the Court of Appeals described impermissible collateral attack as follows:

> "A collateral attack is attempt to impeach the judgment by matters outside of the record, before a court other than the one in which it was rendered, in an action other than that in which it was rendered; in an attempt to avoid, defeat, evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it."

*Klein v. Whitehead*, 40 Md. App. 1, 20 (1978) (emphasis added).

Plaintiff's claims necessarily seek to evade or deny the force and effect of the Maryland State court judgments. Each Circuit Court judge in the underlying structured settlement transfer cases necessarily made an express finding that the transfer was "necessary reasonable or appropriate," and not expected to subject the payee or the payee's defendants to unreasonable hardship in the future; and that the payee received independent professional advice regarding the legal, tax, and financial implications of the transfer. Md. Code Ann., Cts. & Jud. Proc. § 5-1101. Thus, for the transfer to go forward, the Court made express findings directly contrary to what the Plaintiff alleges in this case. For Plaintiff's claims in this case to prevail, Plaintiff prove that the transactions transferring the structured settlements were not necessary, reasonable, or appropriate. Otherwise, there would be no basis for these claims. If each alleged consumer engaged in a transaction that was reasonable, necessary, or appropriate, there would be no basis for Plaintiff to allege violations of the CFPA by Defendants.

Additionally, each Circuit Court expressly found that the alleged consumer received independent professional advice pursuant to the Structured Settlement Transfer Statute. A primary thrust of Plaintiff's claim is that Defendant Smith did not provide "independent

[1] It should be noted that the Plaintiff does not identify a single case, statute, or any other legal authority to support its contention regarding the interpretation or application of the collateral attack doctrine. In fact, Plaintiff cites to no legal authority to support any position it takes in its four (4) sentence response to this argument.

professional advice" as defined under the statute. That issue was, however, a direct and primary issue that the court decided in each of the underlying state court matters, and upon which made an express finding.[2] It is not an incidental peripheral issue. It was a necessary foundational finding made by each judge. Thus, the issue here is not one limited to relief entered by this court being inconsistent with the relief issued by the Maryland Circuit Courts.

It is also not an issue that pertains to only to the "finality" of those judgments. Rather, the very core of the Plaintiff's claims seek to undermine and attack the express findings and determinations made by each of the Maryland Circuit Court judges. That is a quintessential example of impermissible collateral attack. Plaintiff has provided no credible explanation as to why such an attack should be permitted. Rather, Plaintiff misstated the standard, and attempted to obfuscate issues relating to timing of decisions that simply do not apply. Plaintiff's claims cannot proceed without the Plaintiff attacking the primary and fundamental findings of the Maryland Circuit Courts. Thus, the Plaintiff's claims seek to evade, avoid or deny the effect of the judgments. That, however, is not permissible. Plaintiff's claims must be dismissed.

## III. The Complaint's Absence of Factual Allegations as to Individual Transactions Fails to Satisfy Federal Pleading Standard.

As was noted in Defendant Smith's Motion and supporting Memorandum, the Complaint fails to identify any facts pertaining to the individual transactions upon which Plaintiff bases its claims. Rather, Plaintiff makes general, conclusory allegations as to the type of conduct the Defendants engaged in, without actually alleging any fact as to a transaction in which such conduct occurred.

In its Opposition, Plaintiff does not dispute this assertion. Rather, it is Plaintiff's position that it does not need to provide any facts. Plaintiff's entire response to this argument is set forth in one (1) paragraph in the Opposition where Plaintiff states as follows:

---

[2] The Plaintiff acknowledges this when it stated that: "at most [the state court proceedings] adjudicated whether Smith's advice met with applicable state law standard." *Plaintiff's Opposition*, pg. 8.

> "There is no support for the proposition that a complaint must specifically identify particular consumers to state a claim for violations of the CFPA. The Defendants, do not, and at this stage cannot, dispute that many consumers received purported advisory services from Smith and advances from Access Funding, as alleged in the Complaint. That's enough."

*Plaintiff's Opposition*, pg. 17.

Plaintiff, however, provides no legal support or citation for its position. Plaintiff does not identify any case or authority supporting its contention that the Complaint need not contain information as to the transactions upon which it bases its claims. According to Plaintiff, it is "enough" that the Complaint merely alleges that "many" consumers received advisory service from Smith and advances from Access Funding. *Plaintiff's Opposition*, pg. 17.

Plaintiff's position is without merit. There is ample legal authority and precedent indicating that it is necessary for a Plaintiff to provide more than conclusory and general allegations.

It is well-settled that a Complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). As the Supreme Court has established, while the probability standard is "not akin to a probability requirement," a Plaintiff is required to "articulate facts. . .that show that the Plaintiff has stated a claim entitling him to relief." *Twombly*, at 557. The Plaintiff cannot satisfy the standard because it is impossible for the Plaintiff to demonstrate that it is plausibly entitled to relief, when it has provided absolutely no facts relating to any transaction upon which it claims such entitlement. The plausibility requirement can only be satisfied "when the Plaintiff pleads <u>factual content</u> that allows the Court to draw the reasonable inference that the Defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). In the present case, Plaintiff has not pled "factual content" allowing a reasonable inference of liability. Rather, Plaintiff acknowledges that it has only pled conclusory allegations, namely that the Defendants

were involved in a number of transactions that are described with an overarching, generalized characterization. That does not constitute factual content. Stated simply, the facts alleged (as opposed to Plaintiff's conclusory characterizations of the Defendants' actions) do not "permit the court to infer more than the mere possibility of misconduct," the Complaint has not shown that the pleader is entitled to relief. *Iqbal*, at 677-678.

For these reasons, Plaintiff's Complaint fails to set forth sufficient facts to base its claims against Defendant Smith, and such claims must be dismissed.

**IV. <u>Defendant Smith is Not a "Covered Person" Under the CFPA, as Plaintiff's Has Failed to Identify How Alleged Facts Do Not Constitute "Financial Advisory Services."</u>**

For the Plaintiff to pursue a Complaint for violation of the CFPA, it is necessary that there be a consumer financial product or service at issue. As is noted in Defendant Smith's Motion to Dismiss, the Plaintiff identifies the necessary underlying financial product or service, as the alleged advances made by Co-Defendant Access Funding to consumers. Plaintiff identified such advances as "extensions of credit to consumers, and therefore, consumer financial products or services under § 1002 of CFPA." *Complaint*, ¶ 7. As is noted in Smith's Motion to Dismiss, and accompanying Memorandum, however, Plaintiff does not identify any actions by Smith related to the advances that Plaintiff alleged in the Complaint constitute the requisite consumer financial consumer product or service. Rather, the allegations as to Defendant Smith pertain to advice provided to individuals in connection with their sale of their structured settlement revenue.

Plaintiff, in its Opposition, therefore, ignores that the Complaint identifies the alleged advances, as extensions of credit by Co-Defendant Access Funding to consumers, as the foundational consumer product or service. In the Opposition, Plaintiff now asserts that the requisite consumer financial product or service is the financial advice itself that Defendant Smith

allegedly provided in connection with the prospective structured settlement sales. Plaintiff asserts that the services provided by Smith constitute "financial advisory services," and that those, in and of themselves are the consumer product or service. This is simply not what the Plaintiff pled in the Complaint.

Nevertheless, even if Plaintiff had pled what it suggests in its Opposition, it is still insufficient. The alleged actions by Defendant Smith do not constitute "financial advisory services." As the Plaintiff acknowledges in its Opposition, "financial advisory services" includes matters such as "credit counseling, debt management, and debt settlement". *Plaintiff's Opposition*, pg. 12. There is no allegation, however, that Smith's advice pertained to credit counseling, debt management, or debt settlement. Rather, Defendant Smith's alleged advice could not pertain to such matters because Smith is alleged to have advised individuals in connection with their *sale* of an assert, namely their structured settlement revenue stream. The alleged consumers were not contemplating matters of debt or credit; they were contemplating sale of an asset. The required "independent professional advice" under the structured settlement transfer statute related to the implications of selling the revenue stream. Plaintiff cites no case or authority where an allegation of a "financial advisory service" has been permitted to proceed, based on advice given in connection with a consumer's <u>sale</u> of an asset. All identified examples pertain to potential purchases, credit counseling, debt management, or the like. See *12 U.S.C. § 5481(15)(A)(viii).* See also *Consumer Financial Protection Bureau v. ITT Educational Services, Inc.* 2015 WL 1013508 (S.D. Ind. 2015).

Thus, Smith is not a "Covered Person" under the CFPA, and Plaintiff may not pursue claims against him for violations of such.

**CONCLUSION**

For the reasons stated herein, as well in Defendant Smith's initial Motion to Dismiss, and accompanying Memorandum of Law, Defendant Smith requests that the Court grant the Motion, and dismiss Plaintiff's claims against Defendant Smith, with prejudice, and that the Court issue any and all other relief that it deems just and appropriate.

Respectfully submitted,

*/s/Gregg E. Viola*
Gregg E. Viola
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474
(410) 752-0611 (fax)
E-mail: viola@ewmd.com
*Attorney for Defendant Charles E. Smith*

*/s/Eric M. Rigatuso*
Eric M. Rigatuso
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474
(410) 752-0611 (fax)
E-mail: rigatuso@ewmd.com
*Attorney for Defendant Charles E. Smith*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of March, 2017, copies of the foregoing REPLY MEMORANDUM was served to all counsel of record via the Court's electronic filing system.

*/s/Gregg E. Viola*
Gregg E. Viola