**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

v.

ACCESS FUNDING, LLC, *et al.*,

Defendants.

Case No. 1-16-cv-03759-ELH

**OPPOSITION TO DEFENDANT CHARLES E. SMITH'S**
**MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

The Amended Complaint alleges that Defendant Charles E. Smith did not have attorney-client relationships with consumers who were later subjected to Defendants' unfair, deceptive, and abusive acts and practices. This Court, therefore, correctly held that "Smith's alleged conduct falls within the § 5517(e)(2)(A) exception to the 'practice of law exclusion,'"[1] and it properly permitted the Bureau to proceed on the basis of its Amended Complaint.

Undeterred, Smith has filed another motion to dismiss or, in the alternative, for summary judgment, again arguing that the CFPA's practice-of-law exclusion insulates his unlawful conduct from this Court's reach.[2] Because the Amended Complaint contradicts his contention, Smith goes beyond the pleadings and relies on a single affidavit in which he states that it was his "practice" in calls with consumers to "indicate"

---

[1] ECF 42 at 8.
[2] ECF 46.

that he was an attorney. This, Smith argues, establishes that he had attorney-client relationships with the consumers and entitles him to a summary judgment that the practice-of-law exclusion applies.

Notwithstanding Smith's affidavit, there remain disputed, material facts regarding whether Smith formed attorney-client relationships with consumers. Under the Federal Rules of Civil Procedure, the Bureau is entitled to take discovery so that it may present to the Court all the material that is pertinent to Smith's summary-judgment motion. This Court should therefore deny Smith's motion as premature or, in the alternative, defer ruling on the motion until discovery is complete.

## ARGUMENT

Smith's motion must be treated as one for summary judgment. Despite reciting the standard for a 12(b)(6) motion, Smith makes no attempt to argue that the Amended Complaint's allegations are insufficient to negate the practice-of-law exclusion; rather, Smith presents his own affidavit to support his argument that, notwithstanding the Bureau's allegations, the exclusion applies. Under Federal Rule of Civil Procedure 12(d), when a party presents materials outside the pleadings in support of a Rule 12 motion, the court must treat the motion as one for summary judgment.[3] Here, Smith's reliance on his affidavit requires this result.

But it would be premature for the Court to rule on Smith's summary-judgment motion. Rule 12(d) provides that when a motion is converted to one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the

[3] *See* Fed. R. Civ. P. 12(d).

material that is pertinent to the motion."[4] And Rule 56(d) provides that if the nonmovant shows by declaration that it cannot present facts essential to justify its opposition, the court may "defer considering the motion or deny it" or "allow time to obtain affidavits or declarations or to take discovery."[5]

Fourth Circuit case law also supports the proposition that where the nonmovant can demonstrate a need for discovery, the court must defer consideration of a summary-judgment motion.[6] That court has recognized that requests for discovery are "'broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'"[7]

In *Sutton v. Roth*, for example, the plaintiff had been injured while eating at a McDonald's restaurant.[8] Before discovery had commenced, the company moved for summary judgment based on an affidavit stating that the owner of the McDonald's franchise was not the company's agent and that his actions could not, therefore, be the basis for the company's liability. The district court granted summary judgment without permitting the plaintiff an opportunity to develop facts that might have established an agency relationship between the company and its franchisee.

---

[4] *Id.*
[5] Fed. R. Civ. P. 56(d).
[6] *See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 280 (4th Cir. 2013); *Sutton v. Roth*, 361 Fed. Appx. 543, 549 (4th Cir. 2010); *Armes v. Talbot County*, Civil No. ELH-11-03315, 2012 WL 44404, at *1 (D. Md. Jan. 6, 2012) (Hollander, J.).
[7] *Greater Balt. Ctr. for Pregnancy Concerns*, 721 F.3d at 281 (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).
[8] 361 Fed. Appx. at 543.

On appeal, the Fourth Circuit vacated the grant of summary judgment.[9] The appellate court noted that at the time of the motion, the district court had not yet even entered a scheduling order for discovery.[10] The district court had erred, the Fourth Circuit reasoned, by considering the summary-judgment motion notwithstanding that the plaintiff had "specifically identified what discovery he needed, and sought discovery about a fact-intensive issue, agency."[11]

The same is true here. Smith has moved for summary judgment on a fact-intensive issue: whether he had attorney-client relationships with dozens of consumers. (Indeed, Maryland courts have held that this question turns on the facts and circumstances of each case.[12]) And in the attached Declaration, the Bureau has specifically identified what discovery it needs to be able to present all pertinent facts to the Court. Specifically, although the Bureau already has evidence that consumers did not know that Smith was an attorney, the Bureau needs a discovery period so that it may present that evidence to the Court in an admissible form. Additionally, the Bureau should be afforded the opportunity to take Smith's deposition so that it may explore the details of his claimed "practice" of "indicating" to consumers during their telephone calls that he was an attorney. Beyond that, there may be other facts of which the parties

---

[9] *Id.* at 549-50.

[10] *Id.* at 549.

[11] *Id.*

[12] *See, e.g.*, *Att'y Grievance Comm'n v. Shoup*, 410 Md. 462, 489 (2009) ("The facts and circumstances of each particular case are critical in determining whether an attorney-client relationship exists.") (citation omitted); *Att'y Grievance Comm'n v. Shaw*, 354 Md. 636, 650-51 (Md. 1999) (holding that "the determination of whether an attorney-client relationship exists can, and often must, be implied from the facts and circumstances of the given case") (citing *Crest Inv. Trust v. Comstock*, 23 Md. App. 280, 296 (Md. 1974)).

are not yet aware that would preclude an attorney-client relationship between Smith and the consumers. In light of this showing, the Court should deny or defer the motion and permit discovery.[13]

**CONCLUSION**

The Court should deny Smith's motion or, in the alternative, defer ruling on it until after discovery is complete.

Respectfully submitted,

__*/s/ Christina S. Coll*_________________
CHRISTINA S. COLL (Fed. Bar No. 806530, CA Bar No. 250712)
JAMES MEADE (Fed. Bar No.803044, DC Bar No. 414732)
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
Telephone (Coll): 202-435-7843
Telephone (Meade): 415-645-6616
Facsimile: 202-435-7722
e-mail: christina.coll@cfpb.gov
e-mail: james.meade@cfpb.gov
Attorneys for Plaintiff
Consumer Financial Protection Bureau

[13] *See, e.g.*, *Armes*, 2012 WL 44404, at *2 (denying without prejudice converted summary-judgment motion; recognizing that "summary judgment would be premature, as discovery has not yet commenced").