UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU,**<br><br>Plaintiff<br><br>v.<br><br>**ACCESS FUNDING, LLC, ET AL. ,**<br><br>Defendants | **Case No. Case No. 1:16-cv-03759- ELH** |

**DEFENDANT CHARLES E. SMITH'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant Charles E. Smith ("Smith"), by and through undersigned counsel, hereby submits this Reply to Plaintiff's Opposition to Smith's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment in connection with Plaintiff's Amended Complaint.

Plaintiff has opposed the Motion, and requested that the Court defer ruling on Smith's Motion until the Plaintiff has taken additional discovery, pursuant to Fed. Rule of Civ. Proc. 56(d). As is demonstrated below, however, Plaintiff has failed to meet its burden in connection with Rule 56(d), and furthermore additional discovery is not warranted. Thus, the Court should enter summary judgment in Smith's favor.

**SUMMARY**

Smith filed a proper Motion to Dismiss, or in the Alternative, Motion for Summary Judgment supported by affidavit, establishing the undisputed fact that during Smith's interactions with payees in structured settlement transfers, for the purpose of providing independent professional advice, Smith advised the payees of the fact that he was a Maryland attorney, and

that he was consulting with them pursuant to the requirement in the statute that they receive independent professional advice from a professional such as himself.

Plaintiff has opposed the Motion on the basis that it needs to conduct discovery with regard to the content of Smith's affidavit. Plaintiff's position fails, however, in that Plaintiff has failed to carry its burden in establishing the need for additional discovery. The Plaintiff, who conducted a comprehensive investigation prior to the filing of this lawsuit pursuant to its administrative authority, has already obtained considerable information from third-parties, as well as Smith (including sworn testimony), and furthermore, must be compelled to bring forth the evidence that it has to support its own allegations of the Complaint; which Plaintiff has failed to do, and thus the Motion must be granted.

**BACKGROUND**

Sometime in 2015, the Plaintiff commenced an investigation into the transfer of structured settlements involving the Co-Defendant Access Funding. To that end, on December 1, 2015, the Plaintiff issued a Civil Investigative Demand to Smith. *Exhibit 1*, Civil Investigative Demand ("CID"). The stated purpose of the Civil Investigative Demand was "to determine whether purchasers of structured settlements or annuities or other unnamed persons having engaged or are engaging in acts or practices that violate §§ 1031 and 1036 of the Consumer Financial Protection Act of 2010. . .and whether Bureau action to obtain legal or equitable relief would be in the public's interest." *Exhibit 1*. In connection with the CID, Smith produced thousands of pages of documents to the Plaintiff, in connection with its investigation. Moreover, on January 14, 2016, Smith was the subject of an Investigational Hearing, whereby counsel for Plaintiff conducted an examination of Smith, under oath. During the course of the examination,

Plaintiff questioned Smith extensively regarding the nature of his interactions and communications with payees.

After many months of investigation and collection of information, the Plaintiff filed its initial Complaint in this case on November 21, 2016. Smith moved to dismiss the Complaint on the basis of (among other things) the application of the "practice of law" exclusion to the Consumer Financial Protection Act of 2010. ECF 15. The Plaintiff opposed Smith's Motion. ECF 23. At no point in either Plaintiff's initial Complaint, or in Plaintiff's Opposition to Smith's Motion to Dismiss did Plaintiff allege or identify facts pertaining to the lack of any attorney-client relationship existing between Smith and the payees. Rather, as this Court noted, Plaintiff opposed Smith's Motion on the basis that he was not practicing law because the services he provided to the consumers were "wholly perfunctory." ECF 27, at 24.

Based upon the alleged facts and arguments before it, the Court dismissed Plaintiff's claims against Smith on September 13, 2017, on the basis that the "practice of law" exclusion applied, and no exception to it is applicable. ECF 28. Plaintiff, in response to the Court's Dismissal, filed a Motion for Leave to Amend the Complaint, and in the proposed Amended Complaint alleged, for the first time, that the payees with whom Smith interacted were unaware that Smith was an attorney because neither Smith, nor Access Funding shared that information with the consumers. ECF 42, at 8 (citing Amended Complaint, ¶¶ 39-40).

The Court granted Plaintiff's Motion to Leave for Amend on this basis, expressly noting that, of the proposed amendments, only one allegation of fact had any bearing on altering the Court's analysis with regard to the dismissal, and that was the factual allegation that neither Smith, nor Access Funding, had advised the payees that Smith was an attorney, and thus they were unaware. ECF 42, at 8.

In response to the Amended Complaint, Smith moved to dismiss the Complaint, or in the alternative, for summary judgment on the basis that the practice of law exclusion of the CFPA applied, and no exception was applicable; and supported the Motion with an affidavit from Smith expressly indicating that he did, in fact, advise consumers that he was a Maryland attorney, and that the consultation that he was providing was pursuant to the Maryland Structured Settlement Transfer Statute, requiring that the payee receive independent professional advice. ECF 46, 46-1, 46-2.

There is no evidence refuting or inconsistent with Smith's Affidavit. Plaintiff opposes Smith's Motion to Dismiss, or in the Alternative, for Summary Judgment, pursuant to a request under Rule 56(d) that the Plaintiff be provided the opportunity to conduct additional discovery. ECF 47, at 3. Plaintiff alleges by way of an Affidavit submitted by Plaintiff's counsel, Christina Coll, that Plaintiff has established that it was unable to present certain facts necessary to justify its Opposition to Smith's Motion. ECF 47-1, ¶ 2. Plaintiff's affidavit acknowledges that Plaintiff questioned Smith in an investigational hearing, but asserts that it has not had the opportunity to cross examine Smith concerning statements in the affidavit. ECF 47-1. Thus, Plaintiff asserts that it seeks to question Smith and the payees with whom he spoke regarding the factors that Maryland courts have relied upon in making determinations as to the existence of attorney-client relationships. Moreover, Plaintiff alleges that it already has evidence that payees did not know Smith was an attorney, but needs additional discovery to present that information in an admissible form. *Id.*, at ¶¶ 4-7.

## ARGUMENT

**I. *Plaintiff Has Failed to Meet its Burden Under Rule 56(d) Because Plaintiff Must Come Forward With Admissible Evidence Supporting its Own Factual Allegations; and Any Inability to do so is a Result of a Lack of Its Own Diligence.***

Rule 56(d) of the Fed. Rules of Civ. Proc., governing summary judgment, does not require trial courts to allow parties to conduct discovery before entering summary judgment. *US Through Small Bus. Admin. v. Light*, 766 F.2d. 394, 397 (8th Cir. 1985) (citing *Brown v. Chaffee*, 612 F.2d. 497, 504 (10th Cir. 1979)). A party faced with a summary judgment motion before he has conducted discovery may request the court to postpone ruling on the motion until some discovery is conducted. *Id.* A party invoking the protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits and why postponement of a ruling will enable him by discovery, or other means to rebut the movant's showing of a absence of a general issue of fact. *Id*., at 397-398.

The purpose of the portion of the rule permitting the court to allow additional discovery is to prevent "railroading" the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery. *U.S. Ex Rel. Fisher v. Network Software Assoc.s*, 227 F.R.D. 4, 9 (D. D.C. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). When doing so, the party seeking the protection of the rule and requesting additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. *Id.*, (citing *Byrd v. Environmental Prot. Agency*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999)). Moreover, the party seeking the additional discovery must provide specific information as to why facts opposing the summary judgment motion could not have been

presented. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). This includes identifying the probable facts not available and what steps have been taken to obtain these facts. *Id.* (Citing *Trask v. Frank*, 0446 F.3d 1036, 1042 (10th Cir. 2006)). In addition to identifying the efforts made to obtain the facts, the non-moving party must set forth why the efforts were unsuccessful. *Players, Inc. v. City of New York*, 371 F.Supp. 2d 522, 529 (S.D. N.Y. 2005).

In assessing whether or not the non-movant has met its burden, and in weighing the diligence of the party seeking the protection under the Rule as to additional discovery, the court must view the matter against the historical background of the litigation. *Flanders + Medeiros, Inc. v. Bogosian*, 868 F.Supp 412, 424 (D. R.I. 1994) (citing *Resolution Trust Corp. v. North Bridge Assoc., Inc.* 22 F.3d 1198, 1205 (1st Cir. 1994)). Specific inquiry must be made as to whether the opposing party had access to the information it claims to need to properly oppose the motion. *Curto's, Inc. v. Krich-New Jersey, Inc.* 193 F.Supp 235, 238 (D. N.J. 1961). Thus, additional discovery is not warranted where the non-moving party had an earlier opportunity to discover information he now seeks to obtain, and on said basis alleges he needs additional discovery. *Parker v. Nat. Railroad Passenger Corp.* 214 F.Supp. 3d 19, 31 (D. D.C. 2016).

As stated above, Plaintiff has the burden of establishing that additional discovery is warranted. Plaintiff, however, cannot satisfy this burden. The reasons Plaintiff has identified as to why it is unable to present necessary opposing material are insufficient. Plaintiff contends that it needs to depose Smith, and obtain additional information from consumers regarding the interactions between Smith and the consumers. Plaintiff has not, however, established why it does not already possess such information (*Abdulhaseeb*); what steps Plaintiff took to obtain the facts (*Trask*); or why such steps on efforts were unsuccessful (*Player's Inc.*) As is shown below, Plaintiff had access to, and the ability to obtain the information it alleges is needed.

It is noteworthy to identify the specific facts that Plaintiff alleges it needs, and how those facts became directly relevant to this matter. The facts at issue relate to an allegation in Plaintiff's Amended Complaint. The facts do not pertain to an affirmative defense. Rather, they relate directly to the Plaintiff's allegations. More specifically, they relate to an allegation made in the Amended Complaint for the purpose of avoiding a Motion to Dismiss.

It is undisputed that the Plaintiff filed an initial Complaint that indicated that Smith was acting an attorney. Thus, the Court dismissed the Plaintiff's Complaint pursuant to the practice of law exclusion of the CFPA. In an attempt to make an end run around the Court's prior decision, the Plaintiff, in its Amended Complaint, made a very specific allegation of fact: that neither Smith, nor Access Funding advised the consumers that Smith was an attorney during the independent professional advice sessions.[1] It goes without saying that Plaintiff needed some basis to make this assertion when it was included in the Amended Complaint. As the Court stated in the Memorandum granting the Motion for Leave to Amend, this is the only factual assertion that made the Amendment viable, because it was the only way in which the Plaintiff could maneuver around Judge Motz's prior decision dismissing the claims against Smith. The irony is that after making this specific and precise allegation in the Amended Complaint, the Plaintiff now asserts that it does not have any evidence to support such an allegation. In other words, by asking the Court for discovery, pursuant to Rule 56(d), the Plaintiff is requesting that the Court give the Plaintiff additional discovery to support an allegation that the Plaintiff expressly made in the Amended Complaint. By even making this request to the Court, the Plaintiff has tacitly acknowledged that it made the factual allegation, in the Amended Complaint

[1] This allegation sought to support Plaintiff's contention that an exception to the practice of law exclusion to the CFPA applied, due to the absence of an attorney-client relationship.

without a basis for doing so, and now seeks to have the Court provide it with the ability to prolong the litigation to seek support for the facts that Plaintiff has already expressly alleged.

Plaintiff's contention that it already has evidence is also unavailing. It is noteworthy that the Plaintiff does not even identify what such evidence is; but rather, only states that it exists, but is not in admissible form. Such is an insufficient showing to satisfy its burden.

The even more problematic aspect of this inquiry for the Plaintiff is the consideration of why or how the Plaintiff does not have the necessary information to oppose the Motion. When viewing the historical context of the litigation, and access to the relevant information at issue, it can only be said that any inability by the Plaintiff to possess and present such information is a result of a lack of diligence. The specific historical context of this matter includes the Plaintiff's ability (unlike an ordinary civil litigant) to conduct administrative discovery prior to the institution of these proceedings. In this case, the Plaintiff conducted an investigation for several months, which culminated in its instituting the current case. Plaintiff's investigation included subpoenas for documents and sworn testimony. As indicated above, the Plaintiff subpoenaed thousands of pages of documents from Smith, as well as other individuals and entities. The Plaintiff also conducted an investigative hearing, eliciting sworn testimony from Smith at the behest of the Plaintiff's attorneys. Plaintiff spent considerable time and effort in questioning Smith regarding the details of his interactions and communications with consumers during the process by which he provided the independent professional advice.[2] For the Plaintiff to assert in its affidavit that it must have the opportunity to cross-examine Smith on the content of his affidavit rings hollow; as the Plaintiff already had the opportunity to, and, in fact, did examine Smith extensively with regard to the content of the affidavit, namely his interactions with

[2] As the Plaintiff has not made the materials from the investigation public, the transcript has not been attached. Smith will provide the transcript to the Court for review, if the Court orders such, as necessary.

consumers during the course of providing the independent professional advice. Thus, the Plaintiff, who already conducted an investigation for several months, had every opportunity to obtain the information at issue. The access to the information was evident, in that the Plaintiff had Smith under oath, and questioned him extensively. Moreover, Plaintiff had the opportunity to obtain such information from the consumers as part of its investigation too (and possibly did). There is simply no basis for Plaintiff's assertion that it did not have the ability to obtain the information that it asserts is necessary to respond to Smith's Motion. Only after the Court dismissed the initial Complaint did the Plaintiff change course, and allege that there was no attorney-client relationship.

If there were any basis for refuting the content of Smith's Affidavit in support of the current Motion, the Plaintiff would already have it. Even if there were such basis and the Plaintiff does not have it, Smith would still be entitled to summary judgment, because Plaintiff certainly had every opportunity to obtain it. As the courts have noted, it is improper to defer ruling on summary judgment so a plaintiff can obtain evidence that it could have easily obtained through its own diligence. *Parker v. National Railroad Passenger Corp.*, 314 F.Supp. 3d 19, 31 (D. D.C. 2016). Given Plaintiff's access to all information, pursuant to its investigative authority with subpoena power, and the fact that it did, in fact, elicit extensive documentary information from Smith, as well as prior testimony in the nature of the investigative hearing, Plaintiff simply cannot meet its burden of establishing that additional discovery is appropriate. Any lack of information in Plaintiff's hands is solely the result of Plaintiff's lack of diligence, and thus Plaintiff has not met its burden under Rule 56(d); additional discovery is not warranted; Plaintiff cannot refute the supporting facts in Smith's Motion; and the Motion must be granted and judgment entered in Smith's favor.

**CONCLUSION**

For the reasons stated herein, as well as Smith's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Defendant requests that the Court grant the Motion, and dismiss the claims with prejudice, or in the alternative, enter summary judgment in Smith's favor, and that the Court issue any and all other relief it deems just and appropriate.

Respectfully submitted,

*/s/Gregg E. Viola*
Gregg E. Viola, Bar Number 25737
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: viola@ewmd.com
*Attorney for Defendant Charles E. Smith*

*/s/Eric M. Rigatuso*
Eric M. Rigatuso, Bar Number 27605
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474
(410) 752-0611 (fax)
E-mail: rigatuso@ewmd.com
*Attorney for Defendant Charles E. Smith*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of January, 2018, copies of the foregoing MOTION TO DISMISS was served to all counsel of record via the Court's electronic filing system.

*/s/Eric M. Rigatuso*
Eric M. Rigatuso