**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | |
| Plaintiff, | Case No. 1-16-cv-03759-ELH |
| v. | |
| ACCESS FUNDING, LLC, *et al.*, | |
| Defendants. | |

**OPPOSITION TO DEFENDANT**
**MICHAEL BORKOWSKI'S MOTION TO DISMISS**

Defendant Michael Borkowski moves, for a second time, to dismiss the two claims against him. First, Borkowski contends that Count IV of the Amended Complaint, which alleges that Borkowski and others substantially assisted Defendant Charles Smith's violations of the Consumer Financial Protection Act of 2010 (CFPA), should be dismissed because Smith's conduct is immune under the CFPA's practice-of-law exclusion, and thus cannot be the basis for a substantial-assistance claim. Borkowski also argues that Count IV should be dismissed because the Bureau has not alleged "a plausible link" between Borkowski and Smith's conduct. Second, Borkowski contends that Count V should be dismissed because the Bureau has not sufficiently alleged that he engaged in the violations alleged there. The Court should reject these arguments.

Borkowski's arguments ignore two of this Court's prior orders, one that held that the Amended Complaint would survive a motion to dismiss based on the practice-of-law

exclusion,[1] and another that held that the Bureau had sufficiently stated the claim in Count V.[2] These orders foreclose most of Borkowski's arguments, as explained below. And to the extent Borkowski's arguments are not foreclosed, they are wrong or premature. For example, Borkowski challenges Count IV on the same grounds on which Smith recently moved for summary judgment. As with Smith's motion, the Court should treat Borkowski's motion as a summary-judgment motion and either deny it as premature or defer ruling on it.[3] The Court should therefore deny Borkowski's motion to dismiss or, with respect to Count IV only, deny or defer the motion until discovery is complete.

## ARGUMENT

Borkowski first argues that Count IV should be dismissed because Smith is an attorney covered by the CFPA's practice-of-law exclusion. The Court has already addressed and rejected this argument, granting the Bureau's motion for leave to file the Amended Complaint over other Defendants' opposition.[4] This Court concluded that amendment was not futile because it alleged that Smith and the consumers with whom he interacted did not form an attorney-client relationship, meaning that Smith's alleged conduct falls within the § 5517(e)(2)(A) exception to the practice-of-law exclusion.[5] To the extent Borkowski contends that Smith's conduct falls within the practice-of-law exclusion, therefore, his motion should be denied.

---

[1] ECF 42.
[2] ECF 27.
[3] ECF 47 at 2-3.
[4] ECF 43.
[5] ECF 42 at 8.

After the Court granted the Bureau's motion for leave to file the Amended Complaint, Smith filed a summary-judgment motion based on the practice-of-law exclusion; the Bureau has opposed that motion.[6] As the Bureau has explained, it would be inappropriate for the Court to address Smith's summary-judgment motion at this stage.[7] To the extent Borkowski's motion raises the same arguments and seeks to incorporate Smith's motion,[8] the Court should treat his motion the same way, for the same reasons.

Borkowski next asserts that Count IV fails to state a plausible claim that he substantially assisted Smith's violations because the Amended Complaint's allegations against Borkowski are "limited to generally restating the typical rules for corporate governance, without any reference to specific transactions or actual knowledge or actual events."[9] This contention is likewise wrong.

It is unlawful for "any person to knowingly or recklessly provide substantial assistance to a covered person or service provider" who commits an unfair, deceptive, or abusive act under the CFPA.[10] Courts have articulated what constitutes "substantial assistance" in the securities context, which offers guidance here.[11] Conduct is "substantial" if the defendant "'in some sort associate[d] himself with the venture, that he participate[d] in it as in something that he wishe[d] to bring about, [and] that he

---

[6] ECF 47.
[7] ECF 47 at 2-3.
[8] ECF 48-1 at 6.
[9] *Id.* at 5.
[10] 12 U.S.C. § 5536(a)(3).
[11] *CFPB v. Universal Debt & Payment Solutions, LLC*, Case No. 15-CV-00859, 2015 WL 11439178, at* 7 (N.D. Ga. Sept. 1, 2015).

[sought] by his action to make it succeed.'"[12] In other contexts, courts have similarly found that "the threshold for what constitutes substantial assistance is low."[13]

The Amended Complaint alleges that a crucial aspect of the executive roles at Access Funding was to ensure that structured-settlement transferors received independent professional advice in states where Structured Settlement Protection Acts required it so that Access Funding could seek court approval of the transactions.[14] As CEO, CFO, COO, and part owner of Access Funding, the Amended Complaint alleges, Borkowski was responsible for managing the operations of the company, including ensuring that structured-settlement transferors received the required independent professional advice.[15] Further, the Amended Complaint specifically alleges that Borkowski was aware that (1) Access Funding referred nearly all of its Maryland consumers to Smith; (2) Smith had personal relationships with individuals at Access Funding; (3) Smith was paid directly by Access Funding for providing purported independent-professional-advice services to others; and (4) Smith could be relied on to provide advice letters when asked.[16] The Amended Complaint also alleges that Borkowski and the other Defendants had both personal and professional ties to Smith[17]

---

[12] *SEC v. Apuzzo*, 689 F.3d 204, 206 (2d Cir. 2012) (quoting *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir. 1938)).

[13] *See, e.g., FTC v. Lake*, 15-00585-CJC(JPRx), 2016 WL 1117728 (C.D. Cal. Feb. 24, 2016) (citation and internal quotation marks omitted); *FTC v. Consumer Health Benefits Ass'n*, No. 10-CV-3551 (ILG), 2011 WL 3652248, *5 (E.D.N.Y. Aug. 18, 2011) (quoting Telemarketing Sales Rule, 60 Fed. Reg. 43842-01, 43852 (FTC, Aug. 23, 1995)) ("The 'substantial assistance' doctrine does not impose a demanding standard, as it requires only that the assistance be 'more than mere casual or incidental . . . .'").

[14] Am. Compl. ¶ 90.

[15] *Id.*

[16] *Id.* ¶ 91.

[17] *Id.* ¶ 34.

and that Borkowski and the other Defendants knew or should have known that Smith engaged in only cursory communications with these consumers and did not provide truly independent professional advice, including by failing to consider consumers' individual circumstances.[18] Finally, the Amended Complaint alleges that Borkowski and the other Defendants knew or should have known that Smith's representations that the consumers he advised had received independent professional advice were inaccurate.[19]

Taking these allegations as true, as the Court must at this stage,[20] the Amended Complaint states at least a "plausible claim for relief"[21] that Borkowski substantially assisted Smith's CFPA violations. Count IV thus survives Borkowski's latest challenge.

Finally, Borkowski argues that Count V should be dismissed because the Amended Complaint does not sufficiently allege a claim against him. But Borkowski has already challenged the sufficiency of the Bureau's Count V allegations in his first motion to dismiss,[22] and Judge Motz concluded that the Bureau "provided specific enough allegations to warrant discovery on this claim."[23] Count V of the Amended Complaint remains substantively unchanged from the first Complaint, as were the facts related to Borkowski.[24] Borkowski should not be permitted a second bite at the apple now, nor is there any reason for this Court to rule differently. The Court should again reject Borkowski's request to dismiss this claim.

---

[18] *Id.*¶ 87.
[19] *Id.*¶¶ 86-87.
[20] *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).
[21] *Ashcroft v. Iqbal*, 556 U.S 662, 679 (2009).
[22] ECF 16.
[23] ECF 27 at 26.
[24] *See* ECF 44-1.

## CONCLUSION

The Court should deny Borkowski's motion or, with respect to Count IV, defer ruling on it until discovery is complete.

Respectfully submitted,

*/s/ Christina S. Coll*
CHRISTINA S. COLL (Fed. Bar No. 806530,
CA Bar No. 250712)
JAMES MEADE (Fed. Bar No.803044,
DC Bar No. 414732)
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
Telephone (Coll): 202-435-7843
Telephone (Meade): 415-645-6616
Facsimile: 202-435-7722
e-mail: christina.coll@cfpb.gov
e-mail: james.meade@cfpb.gov
Attorneys for Plaintiff
Consumer Financial Protection Bureau