**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

June 4, 2018

MEMORANDUM TO COUNSEL

      Re: *Consumer Financial Protection Bureau v. Access Funding, LLC et al.*
           Civil Action No. ELH-16-3759

Dear Counsel:

    As you know, this case was reassigned to me from Judge Motz on December 7, 2017. Following the reassignment, I allowed the Consumer Financial Protection Bureau ("CFPB") to amend its Complaint. ECF 42 (Memorandum); ECF 43 (Order); *see also* ECF 44 (Amended Complaint).

    The Amended Complaint is lodged against several defendants. It asserts violations of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531, 5536(a), based on allegations of deceptive practices in regard to the purchase of structured settlements. *Id.* Discovery is scheduled to continue until September 26, 2018. *See* ECF 56 (Scheduling Order).

    Defendant Charles Smith has moved to dismiss the Amended Complaint or, in the alternative, for summary judgment, as to Counts I-IV. ECF 46. The motion is supported by a memorandum of law (ECF 46-1) (collectively, "Smith Motion"), as well as the Affidavit of Charles Smith. ECF 46-2. Defendant Michael Borkowski has moved to dismiss the Amended Complaint, as to Counts IV and V (ECF 48), supported by a memorandum of law (ECF 48-1) (collectively, "Borkowski Motion").

    CFPB opposes both motions. ECF 47 (Opposition to Smith Motion); ECF 50 (Opposition to Borkowski Motion). Only Smith replied in support of his motion. ECF 49.

    No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, both motions shall be denied.[1]

    The Smith Motion is based entirely on Smith's contention that ¶¶ 39-40 of the Amended Complaint (ECF 44) are false. Those paragraphs allege that "consumers typically did not know that Smith was an attorney" and "did not believe that Smith was acting as their attorney." *See also* ECF 46-1 at 8. But, for purposes of a motion to dismiss, I must accept the allegations of the

---

[1] Also pending, but not yet fully briefed, is defendants' Joint Motion for Partial Summary Judgment. ECF 58. That motion is not addressed here.

Amended Complaint as true. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In the alternative, Smith moves for summary judgment, and has submitted an affidavit stating that his "practice during [the consultations in question] was to . . . indicate that [he] was a licensed attorney in the State of Maryland." ECF 46-2, ¶ 5. However, CFPB has submitted the Declaration of Christina Coll, Esq., counsel for CFPB, pursuant to Fed. R. Civ. P. 56(d). She asserts that summary judgment is premature because CFPB has not had the opportunity to question Smith or the consumers with whom he spoke. ECF 47-1.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries, Inc.,* 637 F.3d 435, 448-49 (4th Cir. 2012); *see Putney v. Likin*, 656 Fed. Appx. 632, 638 (4th Cir. 2016); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery.

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.' " *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.,* 55 F.3d 943, 954 (4th Cir. 1995); *see Gordon v. CIGNA Corp.*, ___ F.3d ___, 2018 WL 2209305, at *10 (4th Cir. May 15, 2018); *Amirmokri v. Abraham,* 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 Fed. Appx. 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008). In addition, a Rule 56(d) motion may be denied if the opposing party had a reasonable opportunity to conduct discovery. *Hodgin v. UTC Fire & Security Americas Corp., Inc.*, 885 F.3d 243, 250 (4th Cir. 2018).

*McCray*, 741 F.3d 480, is instructive. There, the Fourth Circuit considered whether the district court erred when it granted summary judgment to the defense in a Title VII case, before the plaintiff had an opportunity to conduct requested discovery. *Id.* at 483. The Fourth Circuit reiterated that discovery is appropriate when "the main issue" is "one of motive" and when "most of the key evidence lies in the control" of the party moving for summary judgment. *Id.* at 484. It determined that the plaintiff's Title VII claims required the plaintiff to show "that she was fired because of discriminatory reasons," and that such evidence was within the control of the MTA. *Id.* "Absent discovery," said the Court, the plaintiff lacked "adequate access to this evidence, and therefore no way to shield herself from a premature summary judgment motion." *Id.*

Of import here, the *McCray* Court reasoned, *id.* at 483: "Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." The Fourth Circuit concluded that summary judgment was premature under Rule 56(d). *Id.* at 481, 484.

In my view, given the posture of the case, the filing of the Rule 56(d) Declaration, and the lack of opportunity by CFPB to complete discovery, the Smith Motion is premature.

The Borkowski Motion seeks to dismiss Count IV of the Amended Complaint on the ground that the allegations "are not substantiated with factual statements or any results of the investigation prior to this lawsuit being filed." ECF 48-1 at 6. In particular, it appears that Borkowski challenges the same allegation that Smith challenges. He asserts that the declaration that "Smith never told consumers he represented them and never provided anything to consumers that evidenced an attorney-client relationship . . . . is nothing more than a conclusory, sweeping allegation . . . ." *Id.* at 7. Borkowski calls the allegation "an unreasonable inference," and contends that the Court "should not accept it as a factual allegation." *Id.*

As discussed here and in the Court's earlier Memorandum (ECF 42), the allegation that Smith never informed the consumers with whom he spoke that he is an attorney is indeed a factual assertion. And, I must accept it as true, regardless of whether CFPB can present admissible evidence of its truth at this time. *See E.I. du Pont de Nemours & Co*, 637 F.3d at 440. Borkowski offers no other arguments for the dismissal of Count IV. Therefore, I shall deny the Borkowski Motion as to Count IV.

As to Count V, Borkowski moves to dismiss on the ground that CFPB "has offered no facts or specifics in support of its conclusory, bald-faced allegations as to [Borkowski]." ECF 48-1 at 7-8. However, Judge Motz has already addressed these contentions and found them unavailing. *See* ECF 27 at 26-28. Judge Motz's analysis still holds. Accordingly, I shall deny the Borkowski Motion as to Count V.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

        Very truly yours,

        /s/
        Ellen Lipton Hollander
        United States District Judge