**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>ACCESS FUNDING, LLC,<br>ACCESS HOLDING, LLC,<br>RELIANCE FUNDING, LLC,<br>LEE JUNDANIAN,<br>RAFFI BOGHOSIAN,<br>MICHAEL BORKOWSKI, and<br>CHARLES SMITH,<br><br>Defendants. | Case No. 1-16-cv-03759-ELH |

**DECLARATION OF CHRISTINA S. COLL IN SUPPORT OF
CONSUMER FINANCIAL PROTECTION BUREAU'S
MOTIONS FOR (1) A MODIFICATION OF THE SCHEDULING ORDER AND
(2) LEAVE TO FILE A SECOND AMENDED COMPLAINT**

1.      I am a Senior Litigation Counsel for the Bureau of Consumer Financial Protection's (Bureau's) Office of Enforcement and the lead staff attorney in this litigation.

2.      I am authorized to execute this declaration to verify facts set forth in the Bureau's motions for (1) a modification of the scheduling order and (2) leave to file a second amended complaint and the accompanying memorandum in support. The facts set forth in this declaration are based on my personal knowledge or information made known to me in the course of my official duties.

3.  Attached as **Exhibit 1** is a true and correct copy of a June 12, 2014 email and attachments (AF-2-0125206 – AF-2-0125217) received by the Bureau from Access Funding, LLC, ("Access Funding") in a November 30, 2018 production.

4.  Attached as **Exhibit 2** is a true and correct copy of portions of the transcript from the March 28, 2019 deposition of Joseph Kim

5.  Attached as **Exhibit 3** is a true and correct copy of a February 19, 2014 email and attachments (AF-2-0078394 – AF-2-0078408) received by the Bureau from Access Funding in a November 30, 2018 production.

6.  Attached as **Exhibit 4** is a true and correct copy of a document titled "Sales Manual" (AF-2-0054548 – AF-2-0054587) received by the Bureau from Access Funding in a November 30, 2018 production.

7.  The Bureau served a civil investigative demand ("CID") on Access Funding on September 18, 2015. This CID requested answers to interrogatories, production of documents, and written reports.

8.  Attached as **Exhibit 5** is a true and correct copy of Plaintiff's First Request for Production of Documents to Defendants Access Funding, LLC, dated May 7, 2018.

9.  Attached as **Exhibit 6** is a true and correct copy of Plaintiff's Second Request for Production of Documents to Defendants Access Funding, LLC, dated July 27, 2018.

10. Attached as **Exhibit 7** is a true and correct copy of a document received by the Bureau titled Defendant Access Funding, LLC's Objections and Responses to Plaintiff's First Request for Production of Documents, dated June 6, 2018.

11. Attached as **Exhibit 8** is a true and correct copy of a document received by the Bureau titled Defendant Access Funding, LLC's Objections and Responses to Plaintiff's Second Request for Production of Documents, dated August 27, 2018.

12. Attached as **Exhibit 9** is a true and correct copy of a letter from me to Defendants' counsel dated November 27, 2018 regarding missing documents in *CFPB v. Access Funding, et al.*

13. The Bureau received productions of documents from Access Funding dated November 30, 2018; January 2, 2019; January 29, 2019; and February 22, 2019. In total, these productions contained almost 40,000 documents. Each of these productions contained responsive, previously withheld documents.

14. The Bureau's September 18, 2015, CID served on Access Funding requested "[a]ll policies, procedures, and training materials relating to … consumer sales, solicitations, or telemarketing; … communications with consumers or third parties about consumer transactions; assessing a consumer's financial needs and use of Structured Settlement transfer proceeds; structuring consumer transactions; interest or effective-interest rates, discount rates, and calculations of the same; … [and] terms or fees associated with consumer transactions."

15. The Bureau's September 18, 2015, CID served on Access Funding requested "All telephone scripts, talking points, and FAQs."

16. The Bureau's September 18, 2015, CID served on Access Funding requested "All written materials, including but not limited to scripts, talking points, outlines, guidelines, and FAQs, used by individuals who advise consumers regarding Structured Settlements."

17.     The Bureau's September 18, 2015, CID served on Access Funding requested "All documents (other than contracts or agreements) used to communicate the costs and/or benefits to the consumer of a Company product or service."

18.     Access Funding's counsel and Bureau counsel exchanged several letters regarding the September 18, 2015, CID. Access Funding counsel sent letters to the Bureau dated October 6, 2015 and October 13, 2015. And Bureau counsel sent letters to Access Funding counsel dated October 14, 2015 and November 3, 2015.

19.     In an October 13, 2015 letter, Access Funding counsel wrote:

By way of further background, the process at Access is relatively simple: individuals interact with the Company because they want to sell a portion of their payment stream. In almost every instance, the individual has already conducted a transaction with a competitor of the Company and already understands the process. Additionally, in almost every instance, the individual is also speaking with a competitor of the Company. The individual tells Access how much money they need and what their payments are, and Access then makes them an offer. If the Company and the individual agree on terms, the deal terms are provided in a disclosure statement, which is sent via the mail to the annuitant and signed before a notary. At this point, the 45-90 day process of legally perfecting the sale of the purchased income stream through a court order begins.

During this time, there is minimal communication with the annuitants with the exception of local counsel providing a Notice of Hearing related to

their upcoming court date and providing the annuitant the anticipated funding date.

20. I learned on November 20, 2018 from the Maryland Attorney General's Office that Access Funding had produced new documents to that office. The Bureau received several of these documents from the Maryland Attorney General's Office, and ran searches that confirmed the documents were not duplicates of information already in the Bureau's possession.

21. Attached as **Exhibit 10** is a true and correct copy of an email from me to Defendants' counsel dated November 29, 2018.

22. The November 30, 2018 production to the Bureau from Access Funding contained over 35,000 documents.

23. Attached as **Exhibit 11** is a true and correct copy of a letter from Access Funding counsel to me dated November 30, 2018.

24. Access Funding used different production formats for its various productions to the Bureau over the course of the Bureau's investigation and the discovery in this litigation. Therefore, the Bureau needed to perform document-specific manual searches to determine that the November 30, 2018, production contained many responsive documents that Access Funding had not previously produced.

25. Attached as **Exhibit 12** is a true and correct copy of a letter from me to Defendants' counsel dated December 18, 2018 regarding missing documents.

26. Attached as **Exhibit 13** is a true and correct copy of a letter from Access Funding counsel to me dated January 2, 2019.

27. Attached as **Exhibit 14** is a true and correct copy of a letter from Access Funding counsel to me dated January 29, 2019.

28. Attached as **Exhibit 15** is a true and correct copy of a letter from Access Funding counsel to me dated February 22, 2019.

29. Attached as **Exhibit 16** is a true and correct copy of an October 11, 2013 email and attachments (AccessCFPB011820 – AccessCFPB011839) received by the Bureau from Access Funding, LLC, ("Access Funding") in a February 22, 2019 production.

30. Attached as **Exhibit 17** is a true and correct copy of portions of the transcript from the March 5, 2019 deposition of Mark Gutierrez.

I declare under penalty of perjury that the foregoing is correct.

Executed on May 24, 2019.

*/s/ Christina S. Coll*
_____
Christina S. Coll
Senior Litigation Counsel
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552