**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:16cv03759-ELH |
| | * | |
| ACCESS FUNDING, LLC, et al., | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY SUPPORTING THEIR MOTIONS (ECF 137, 138, 139, 154, AND 156)**

Defendants Access Funding, LLC, Access Holding, LLC, Lee Jundanian, Raffi Boghosian, and Charles Smith (collectively "Defendants"), by counsel, file this Notice of Supplemental Authority to notify the Court of a recent federal court decision concerning the issue of ratification and the statute of limitations which bears upon Defendants' pending motions (i.e., ECF 137, 138, 139, 154, and 156). Defendants state as follows:

1. Defendants ask the Court to dismiss the Consumer Financial Protection Bureau's ("Bureau") Second Amended Complaint because the claims are barred by the three-year statute of limitations under the Consumer Financial Protection Act ("CFPA"). While the Bureau brought this enforcement through its original Complaint in November 2016, the Bureau's Director—who authorized the action—was then operating under an unconstitutional structure which made him removable by the President of the United States only for cause. Last summer, the Supreme Court of the United States declared the Bureau's structure unconstitutional and severed the removal portion from the CFPA in *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct.

2183, 2197 (June 29, 2020). Acknowledging that she was now removable by the President at-will, the Bureau's then-Director Kathleen Kraninger issued numerous statements in which she purported to ratify the Bureau's actions that occurred under the previously unconstitutional structure. On July 8, 2020, Director Kraninger issued such a ratification of her predecessor's decision to bring this enforcement action.

2. Defendants argue that Director Kraninger lacked the authority to ratify the Bureau's decision to bring this enforcement action, because by the time she did so the three-year limitations period had expired. (ECF 139 at 4 (quoting *Fed. Elec. Com'n v. NRA Political Victory Fund*, 513 U.S. 88, 98 (1994)). The Bureau argues that the ratification was effective and because the Bureau timely filed its claims in November 2016, "nothing in the CFPA's statute of limitations bars the Bureau from continuing to prosecute claims that it timely filed and that the Defendants have known about for years." (ECF 148 at 2).

3. The United States District Court for the District of Delaware addressed this very issue in its recent decision in *Consumer Financial Protection Bureau v. The National Collegiate Master Student Loan Trust et al.*, C.A. No. 17-1323, 2021 WL 1169029 (D. Del. Mar. 26, 2021) and found that a similar attempt to ratify by the Bureau was ineffective because it fell outside of the statute of limitations.

4. In the *National Collegiate* case, the Bureau acknowledged that the ratification came after the limitations period had expired, it argued that "the untimely ratification should have no impact on the case, because statute of limitations are designed to encourage plaintiffs to diligently pursue their rights and that goal was satisfied [ ] because the Bureau timely filed the initial complaint." *Id*. at * 5.

5. The Court rejected the Bureau's argument because it "confuses the timeliness requirements for filing the original complaint with the timeliness requirements for ratification." *Id*. The latter, said the Court, ensures that "[t]he intervening rights of third persons cannot be defeated by the ratification." *Id*. (quoting *NRA Political Victory Fund*, 513 U.S. at 98).[1] It explained that "[i]f a principal were allowed to ratify unauthorized agency actions after the statute of limitations had expired, 'he would have the unilateral power to extend the . . . statutory period for filing [complaints] by days, weeks, or, as in this case, even longer. Such a practice would result in the blurring of the jurisdictional deadline." *Id*. (quoting *NRA Political Victory Fund*, 513 U.S. at 99). Accordingly, the Court held that the ratification was ineffective because the statute of limitations had expired by the time that the Bureau ratified the original decision to bring the enforcement action in 2017. *Id*.

6. The Bureau also argued that equitable tolling should apply to salvage its claims.[2] *Id*. at *6. The Court identified the two elements of equitable tolling: (1) that the plaintiff "prusu[ed] his rights diligently" and (2) "some extraordinary circumstance stood in his way and prevented a timely filing." *Id*. (quoting *Menominee Indian Tribe of Wis. V. United States*, 136 S. Ct. 750, 755 (2016)).

7. The Court also rejected this argument because "ratification is, in general, not effective when it takes place after the stature of limitations has expired." *Id*. at *5 (citing *Benjamin v. V.I. Port Auth.*, 684 F. Spp'x 207, 212 (3d Cir. 2017) (other citation omitted)).[3]

[1] The Access Funding Defendants discussed this principle in their opening brief. (ECF 139 at 4).
[2] The Bureau has made the same argument here. *See* (ECF 148 at 8) ("Even if the statute of limitations would somehow otherwise bar the Bureau from pursuing its claims here, equity would surely permit it.").
[3] The Access Funding Defendants discussed the *Benjamin* case in their briefings in support of their Motion to Dismiss. (ECF 139 at 5–6 (discussing *Benjamin* in detail); ECF 154 at 14–15 (same)).

April 7, 2021

Respectfully submitted,

*/s/ Alison C. Duffy*
Alison C. Duffy
O'HAGAN MEYER, PLLC
2560 Huntington Avenue, Suite 204
Alexandria, VA 22303
Telephone: (703) 775-8606
Email: aduffy@ohaganmeyer.com

and

Charles M. Sims, *specially admitted*
C. Quinn Adams, *specially admitted*
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219
Telephone: (804) 403-7111
Email: csims@ohaganmeyer.com
Email: cadams@ohaganmeyer.com
*Counsel for the Access Funding Defendants*

*/s/ Gregg E. Viola*
Gregg E. Viola, Bar Number 25737
Eric M. Rigatuso, Bar Number 27605
Mark P. Johnson, Bar Number 29091
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
viola@ewmd.com
erigatuso@ewmd.com
mjohnson@ewmd.com
*Attorneys for Defendant Charles E. Smith*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of April 2021, a copy of the foregoing was served upon the counsel of record via the Court's electronic filing system

*/s/ Alison C. Duffy*