IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br>*Plaintiff*,<br><br>v.<br><br>ACCESS FUNDING, LLC, *et al.*.<br>*Defendants*. | Civil Action No. ELH-16-3759 |

**MEMORANDUM**

In this Memorandum, I resolve a request by remaining defendant Michael Borkowski, who is self-represented, for leave to adopt a motion in limine filed by codefendants who have since settled their case with plaintiff, the Consumer Financial Protection Bureau ("CFPB"). *See* ECF 192 ("Request for Leave"). CFPB opposes the Request for Leave (ECF 193) and has moved to strike it (ECF 194, "Motion to Strike"). I also resolve Mr. Borkowski's request for reconsideration (ECF 167) of this Court's Memorandum Opinion (ECF 164) of July 12, 2021.

No hearing his necessary to resolve these motions. For the reasons that follow, I will deny the Request for Leave; grant the Motion to Strike, in part; and deny the Request to Reconsider.

**I. Procedural History**

The CFPB filed suit against a host of defendants under the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5481 *et seq.*, regarding the purchase of structured settlements in tort suits. *See* ECF 1 ("Complaint"); ECF 44 ("Amended Complaint"). The original defendants were Access Funding, LLC; Access Holding, LLC; Reliance Funding, LLC; Lee Jundanian, former Chief Executive Officer ("CEO") of Access Funding; Raffi Boghosian, Chief Operating Officer of Access Funding; Michael Borkowski, CEO of Access Funding; and Charles Smith, Esquire, an

advisor for Access Funding consumers. I refer to Access Funding, LLC, Access Holding, LLC, Jundanian, and Boghosian as the "Access Funding Defendants." Reliance Funding was dismissed as a defendant in October 2020. *See* ECF 149.[1]

In a 60-page Memorandum Opinion (ECF 164) and Order (ECF 165) of July 12, 2021, the Court, *inter alia*, denied a motion to dismiss by the Access Funding Defendants (ECF 138), and denied motions for summary judgment filed by the CFPB (ECF 132), Smith (ECF 137), the Access Funding Defendants (ECF 140), and Borkowski (ECF 146). On August 2, 2021, Mr. Borkowski filed a "Request for Further Reconsideration," seeking reconsideration of certain parts of the Court's ruling related to his motion. ECF 167 ("Request to Reconsider").

The Court held a status conference in open court with counsel and Mr. Borkowski on August 26, 2021. ECF 168. Then, on August 27, 2021, the Court issued a Scheduling Order (ECF 170), setting pretrial deadlines as well as a trial date of June 20, 2022, in accordance with the discussions on August 26, 2021. Among other things, the Scheduling Order set a deadline of October 8, 2021, for the filing of motions in limine. *Id.* Deadlines were set in anticipation of trial, scheduled to begin on June 20, 2022. *Id*. at 1. I also referred the case to Magistrate Judge A. David Copperthite for a settlement conference. ECF 169.

On October 8, 2021, the Access Funding Defendants filed a motion in limine (ECF 175), supported by a 32-page memorandum (ECF 176) (collectively, the "Motion in Limine") and one exhibit (ECF 176-1). The Motion in Limine sought the exclusion of broad categories of evidence and testimony at trial, on a variety of grounds. *See* ECF 176. The CFPB responded in opposition

---

[1] By Memorandum (ECF 123) and Order (ECF 124) of December 23, 2019, I granted defendants' joint motion for a stay of proceedings pending the Supreme Court's decision in *Seila Law LLC v. CFPB*, ___ U.S. ___, 140 S. Ct. 2183 (2020). After the Supreme Court issued its decision in *Seila Law* on June 29, 2020, I granted the parties' joint proposed scheduling order (ECF 129), so as to resume proceedings in the case. *See* ECF 131.

(ECF 181), supported by several exhibits. ECF 181-1 to ECF 181-4. The Access Funding Defendants' second unopposed motion for an extension of time to reply, filed on December 9, 2021 (ECF 188), explicitly noted that the Access Funding Defendants and the CFPB had reached an "agreement in principle" to resolve the claims against the Access Funding Defendants, which they expected to finalize by early January. *Id*. at 1. No other motions in limine were filed.

On November 18, 2021, the CFPB and Smith filed a joint stipulation asking the Court to enter a proposed "Stipulated Final Judgment And Order," resolving their dispute. ECF 183. The Court approved the stipulation the same day. ECF 184. The CFPB and the Access Funding Defendants filed a joint stipulation on December 17, 2021, resolving their dispute. ECF 190. The Court approved the stipulation the same day. ECF 191. As a result, the Access Funding Defendants' Motion in Limine (ECF 175) became moot. And, based on the stipulations, Mr. Borkowski is the only remaining defendant.

On January 11, 2022, Mr. Borkowski filed a "Request for Leave" seeking to adopt the Access Funding Defendants' Motion in Limine as his own. ECF 192 (the "Request for Leave"). He argues that he did not file his own "independent" motions in limine prior to the deadline of October 8, 2021, because he "was a natural beneficiary" of the one filed by the Access Funding Defendants. *Id*. at 8. Given that the Access Funding Defendants have settled, however, Mr. Borkowski seeks to "adopt" their Motion in Limine. *Id*. at 8-9, 17. The Request for Leave also offers additional argument in support of the Motion in Limine. *Id*. at 9-14. In the alternative, Mr. Borkowski asks the Court to permit him to file his own motion in limine. *Id*. at 17. He does not explicitly specify what such a motion would argue, although he makes clear that he agrees with the Access Defendants' Motion in Limine, which seeks to exclude seven categories of evidence. *See* ECF 176 at 30-31; ECF 192 at 5-6.

In the Request for Leave, Mr. Borkowski includes the particulars of certain settlement discussions with CFPB. *Id*. at 2. He argues that this information demonstrates bias and prejudice on the part of the CFPB. *Id*. at 2-5. Although plaintiff refers generally to the CFPB, his specific allegations seem to center on the conduct of the CFBP's counsel. *See* ECF 192 at 3-5.

The CFPB has responded in opposition to the Request for Leave. ECF 193. It also asks the Court to deny the Motion in Limine, as moot. *Id*. at 3. If the Court grants the Request for Leave, however, the CFPB seeks to file a surreply to address the issues raised by Mr. Borkowski in the Request for Leave. *Id*.

In addition, the CFPB has moved to strike the Request for Leave (ECF 194), pursuant to 28 U.S.C. § 652(d), Fed. R. Evid. 408, and Local Rule 607.4. It has also submitted one exhibit. ECF 194-1. The CFPB maintains that because ECF 192 contains confidential settlement offers and communications, it must be stricken.

Mr. Borkowski has replied regarding the Request for Leave (ECF 195), and responded in opposition to the Motion to Strike. ECF 196. The CFPB has advised that it does not intend to file a reply regarding the Motion to Strike. ECF 197.

## II. Request for Leave and Motion to Strike

As noted, Borkowski has moved for leave (ECF 192) to adopt the Motion in Limine (ECF 175) filed by the Access Funding Defendants, or leave to file his own motion in limine. The CFPB opposes the request, which I discuss, *infra*. In this section, I address the content of the Request for Leave, which CFPB moves to strike (ECF 194), on the ground that the Request for Leave contains confidential settlement communications. *Id.* at 5.

The Request for Leave recounts a telephone call from counsel for the CFPB to Mr. Borkowski on December 15, 2021, in which CFPB's counsel reported the impending settlement

between the CFPB and the Access Funding Defendants; conveyed an offer for Mr. Borkowski to join the settlement; and discussed some arguments the CFPB planned to make, and documents it plans to use, if the case proceeds to trial.  ECF 192 at 2.  Mr. Borkowski included this information in the course of asserting a litany of alleged unethical or improper conduct by the CFPB and its lawyers.  *See id*. at 2-5.

Fed. R. Civ. P. 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  However, motions to strike are "generally viewed with disfavor."  *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).  "Although some cases have held that Rule 12(f) may be used to strike documents other than pleadings, the weight of recent authority is that such an action is not contemplated or permitted by the Rules."  *Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 627 (D. Md. 2013) (collecting cases).  Nevertheless, a court has "inherent authority to strike other documents," although such powers must be exercised with "'restraint and discretion.'"  *Id*. at 627-28 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

The CFPB argues that the inclusion of the settlement discussion information in the Request to Leave violates Fed. R. Evid. 408, 28 U.S.C. § 652(d), Local Rule 607.4, as well as the instructions of Judge Copperthite.  ECF 194.

Section 652(d) of 28 U.S.C. authorizes each district court to provide, by local rule, "for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications."  In the District of Maryland, this provision has been implemented by Local Rule 607.4, which provides:

> The Court's ADR process is confidential. Unless otherwise agreed by the parties and the Court, no disclosure shall be made to anyone, including the judicial officer to whom the case is assigned, of any dispute resolution communication that in any respect reveals the dispute resolution positions of the parties or advice or opinions

of neutrals. No such communication shall be admissible in any subsequent proceeding except as permitted by the Federal Rules of Evidence.

Consistent with this Local Rule, Judge Copperthite's initial order scheduling a settlement conference included the following admonition: "The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited." ECF 171 at 2.

Mr. Borkowski contends that the phone call of December 15, 2021, is not a confidential settlement communication within the meaning of these provisions because it was "separate and apart from the settlement conferences," and because the CFPB counsel did not assert confidentiality during the call. ECF 196 at 1. His argument is too cramped a reading of Local Rule 607.4.

It is true that the settlement conversation in question did not take place at a settlement conference. But, both the Local Rule and Judge Copperthite's order speak more broadly of the settlement conference "process." *See* Local Rule 607.4; ECF 171 at 2. And, Local Rule 607.4 prohibits the disclosure of "*any* dispute resolution communication that *in any respect* reveals the dispute resolution positions of the parties." (Emphasis added.) It would be difficult to phrase this prohibition in a more sweeping fashion.

Mr. Borkowski is self-represented. The Court does not know the extent to which he is familiar with the litigation process. But, based on his sinister view of the CFPB's communications about settlement, he appears unfamiliar with the fact that, during litigation, it is not unusual for one side to approach the other with an unsolicited settlement proposal.

Here, the parties, including Mr. Borkowski, held a settlement conference with Judge Copperthite on November 19, 2021. *See* ECF 187. No settlement was reached, but Judge Copperthite "continued" the conference. *Id*. His order doing so required a joint status report by

December 3, 2021, which would suggest an expectation of further negotiations. *Id*. And, indeed, in the weeks before and after the conference, the Access Funding Defendants and Smith reached settlements with the CFPB. *See* ECF 183; ECF 190. Counsel for the CFPB apparently contacted Mr. Borkowski to inquire if he would like to join in the settlement. ECF 192 at 2. This communication was aimed at resolving a lengthy dispute between the CFPB and Mr. Borkowski, and contained the position of the CFPB as to such a resolution. *Id*. At that point, Judge Copperthite was still assigned to this case for settlement purposes, and remained so until December 17, 2021. *See* Docket.

In this context, the telephone call of December 15, 2021, constitutes a dispute resolution communication offered in the course of the settlement process. It is protected by Local Rule 607.4, which aims to foster the confidentiality often required for settlement. *See Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988) ("The public policy of favoring and encouraging settlement makes necessary the inadmissibility of settlement negotiations in order to foster frank discussions."); *Perkins v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, DKC-08-3340, 2011 WL 529994, at *2 (D. Md. Feb. 8, 2011) (noting there was "no doubt" that a draft settlement agreement was covered by Local Rule 607.4 because it "contain[ed] the terms of a proposed settlement").

I conclude that the Request for Leave improperly includes the content of settlement communications that are confidential under Local Rule 607.4.[2] As such, it is unnecessary to consider whether reference to the content of the phone call also violated Fed. R. Evid. 408.

---

[2] Local Rule 607.4 permits the admission of confidential settlement communications in a "subsequent proceeding" when "permitted by the Federal Rules of Evidence." But, this is not a "subsequent proceeding." *See, e.g.*, *T.H.E. Ins. Co. v. Fisher*, GLR-18-3402, 2021 WL 3681158, at *8-10 (D. Md. Aug. 19, 2021) (admitting settlement communication permitted under Fed. R. Evid. 408(b) from previous, related lawsuit); *Pfieffer v. Schmidt Baking Co.*, CCB-11-3307, 2013

Accordingly, the Court will grant the Motion to Strike, in part. In particular, I will strike the specifics of any settlement discussions, and I will order the Clerk to seal ECF 192. I will also direct CFPB to submit a proposed redacted version of ECF 192, suitable for filing on the public docket, deleting references to the particulars of settlement discussions. However, references to the fact that settlement was discussed need not be stricken.

### III. Request for Leave

I next turn to the underlying Request for Leave (ECF 192). Essentially, this is a request for the modification of the Court's Scheduling Order (ECF 170).

Modification of a scheduling order requires good cause. Fed. R. Civ. P. 16(b)(4). The "'touchstone'" of Rule 16(b)(4)'s "good cause requirement is 'diligence.'" *Faulconer v. Centra Health*, 808 Fed. App'x 148, 152 (4th Cir. 2020) (citation omitted). "[O]nly diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Id*. at 152; accord *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'") (citation omitted). In addition, courts may consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014). However, "'[i]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors . . . generally will not be considered.'" *Faulconer*, 808 Fed. App'x at 152 (quoting *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017)).

---

WL 4501302, at *4 (D. Md. Aug. 21, 2013) (Local Rule 607.4 "contemplate[s] the possibility of admitting [confidential] materials in proceedings aside from the one for which the mediation was held," including attorney fee disputes, which are "separate, ancillary proceedings."); *Perkins*, 2011 WL 529994, at *2 (proceeding commenced after previous litigation closed was a "subsequent proceeding").

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). Although Mr. Borkowski contends that the Access Funding Defendants' Motion in Limine is relevant to him, and its requested relief would benefit him, the arguments there generally concerned specific issues as to the Access Funding Defendants, based on information in the possession of the Access Funding Defendants. *See* ECF 176. The CFPB responded along the same lines, including that the exhibits it will offer at trial include documents it obtained in discovery from the Access Funding Defendants and Mr. Smith. *See* ECF 181 at 2, 5.

Mr. Borkowski claims that he does not have access to the discovery produced to the CFPB by other defendants. ECF 192 at 8-9. Nor is it clear why Mr. Borkowski seeks to adopt the Motion in Limine as his own, given the difference in his posture. In any event, Mr. Borkowski's adoption of the Motion in Limine filed by other defendants would require additional briefing, in order to address issues as they pertain to Mr. Borkowski. As noted, in its opposition to the Request for Leave, the CFPB asks for leave to respond to Mr. Borkowski's arguments if the Court allows him to adopt the Motion in Limine. *See* ECF 193 at 3.

In his reply, Mr. Borkowski asserts that until December 17, 2021, he was unaware that he had not joined the Motion in Limine. *See* ECF 195 at 2; ECF 195-1, ¶ 2. But, the Motion in Limine is clearly titled "The Access Funding Defendants' Motion in Limine," and is explicitly offered on behalf of the Access Funding Defendants alone. *See* ECF 175 at 1.[3]

---

[3] The certificate of service attached to the defense Motion in Limine mentions service via the Court's electronic filing system to counsel of record in this case. *See* ECF 175 at 2; ECF 176 at 32. Nevertheless, Mr. Borkowski does not assert that he did not receive the Motion in Limine. *See* ECF 195 at 2. And, elsewhere, Mr. Borkowski cites to the Motion in Limine (*see, e.g.*, ECF 192 at 1, 10), as well as to numerous other filings on the docket, including ones that explicitly mention that he was not a party to the Motion in Limine. For example, Mr. Borkowski cites to the

The deadline to file motions in limine expired about three months before Mr. Borkowski filed his Motion for Leave. That deadline was set well in advance of trial, so as to assure the efficient management of the case, and to provide the Court with adequate time for briefing and then consideration of the issues, in light of the Court's substantial caseload. Mr. Borkowski had ample time to file a motion in limine prior to the deadline. Instead, he decided passively to rely on the Motion in Limine of codefendants. To reopen the period for the filing of motions in limine would require an additional cycle of briefing, while other deadlines in this case draw near.

In my view, Mr. Borkowski has not demonstrated good cause. Therefore, I will deny his Request for Leave.

Nonetheless, the Court observes that rulings on motions in limine are preliminary, made in the discretion of the court, and to assist in preparation for trial. *Luce*, 713 F.2d at 1239-40. Such motions "enable[] a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" *INSLAW, Inc. v. United States*, 35 Fed. Ct. 63, 65-66 (1996) (citation omitted). When the evidence is actually offered at trial, however, the trial court may opt to change its ruling. *Id.* In other words, the rulings as to a motion in limine are tentative. *Luce*, 713 F.2d at 1239.

Therefore, there is no prejudice to Mr. Borkowski from denial of the Request for Leave. This is because the ruling does not foreclose his right to lodge objections to evidence when offered at trial or to offer his own evidence.

---

CFPB's opposition to the Motion in Limine (*see* ECF 195, ¶ 2), which was served on him by email, and notes on the first page that he is not a party to the Motion in Limine. *See* ECF at 1 n.1, 17.

In any event, Mr. Borkowski attended the Court hearing on August 26, 2021, when the deadline was set for motions in limine. And, the Scheduling Order (ECF 170) was mailed to Mr. Borkowski on or about August 27, 2021. It confirmed the deadline of October 8, 2021, for motions in limine.

### IV. Request to Reconsider

Mr. Borkowski submitted a Request to Reconsider on August 2, 2021 (ECF 167), concerning portions of the Court's Memorandum Opinion (ECF 164) and Order of July 12, 2021 (ECF 165). Because my rulings of July 12, 2021, adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties," it is an interlocutory order that "may be revised at any time" before the entry of final judgment. Fed. R. Civ. P. 54(b); *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); *Nadendla v. WakeMed*, ___ F.4th ___, 2022 WL 187835, at *2 (4th Cir. Jan. 21, 2022); *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). However, the Fourth Circuit has said that a court should only revise an interlocutory order in limited circumstances, in order to promote efficiency, judicial economy, and finality. *See, e.g.*, *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003); *Sejman v. Warner-Lambert Co, Inc.*, 845 F.2d 66, 68-69 (1988); *see also Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 816 (1988). Indeed, "allowing litigants a 'second bite at the apple' via a motion to reconsider is disfavored." *Nadendla*, 2022 WL 187835, at *2.

In particular, a court should revise an interlocutory order only to account for "'(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson*, 856 F.3d at 325).

The only possible basis for the Request to Reconsider is the third category, a clear error causing manifest injustice. The Fourth Circuit has said: "A prior decision does not qualify for th[e] third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong.'" *U.S. Tobacco Coop.*,

899 F.3d at 258 (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)) (alteration in *U.S. Tobacco Coop.*).

I have reviewed the Request to Reconsider, and it raises no potential basis for reconsideration that would rise to this level. In addition, with exceptions not applicable here, Local Rule 105.10 provides that "any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." However, the Request to Reconsider was filed outside this 14-day time frame. Accordingly, I will deny the Request to Reconsider.

## V. Conclusion

For the foregoing reasons, I will deny the Request to Reconsider; deny the Motion in Limine, as moot; grant the Motion to Strike, in part; and deny the Request for Leave. The CFPB must submit a proposed redacted version of ECF 192, suitable for filing on the public docket, deleting references to the content of settlement discussions, but not the fact that such discussions occurred.

An Order follows.

Date: January 26, 2022  /s/
Ellen L. Hollander
United States District Judge