**United States District Court**
**District Of Maryland**

| | |
|---|---:|
| Chambers of<br>**Ellen Lipton Hollander**<br>District Court Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0742 |

February 25, 2022

MEMORANDUM TO COUNSEL, MR. BORKOWSKI, MR. MARTIN, AND MR. RUTHER

    Re:   *Consumer Financial Protection Bureau v. Access Funding LLC, et al.*
            Civil No. ELH-16-3759

Dear Counsel, Mr. Borkowski, Mr. Martin, and Mr. Ruther:

    I am in receipt of the letter of February 25, 2022, from Gerard Martin, Esq., in which he explains that, along with Adam Ruther, Esq., he has been asked by Mr. Borkowski to represent him in this case. ECF 204. Trial is scheduled for June 20, 2022. That date was set on August 26, 2021. *See* ECF 168; ECF 170.

    Mr. Martin and Mr. Ruther have another federal trial set for June 20, 2022, when the trial in this case is scheduled to begin. Therefore, they seek guidance as to whether this Court would entertain a postponement of this trial, so as to permit them to represent Mr. Borkowski. Plaintiff objects to a postponement. ECF 205.

    To be sure, both Mr. Borkowski and the Court would benefit from the able representation of Mr. Borkowski. Nevertheless, I am unwilling to postpone the trial in this case.

    As you are aware, this case has been pending on this Court's docket since November 2016. *See* ECF 1.[1] In July 2021, I denied the parties' cross-motions for summary judgment, by Memorandum Opinion (ECF 164) and Order (ECF 165). Then, by Order of August 27, 2021 (ECF 170), issued after a status conference the previous day (ECF 168), I set a trial date of June 20, 2022. I was not happy with a ten-month delay; I had hoped for an earlier trial date. But, this was the first available date for counsel for then-defendant Charles Smith. *See* ECF 170 at 1.

    Notably, Mr. Borkowski was represented by counsel until July 29, 2020, when I approved a motion (ECF 126) by his former counsel to withdraw from representation. ECF 128. As such, he has had ample opportunity to retain new counsel.

    Modification of a scheduling order requires good cause. Fed. R. Civ. P. 16(b)(4). The "'touchstone'" of Rule 16(b)(4)'s "good cause requirement is 'diligence.'" *Faulconer v. Centra Health*, 808 Fed. App'x 148, 152 (4th Cir. 2020) (citation omitted). "[O]nly diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Id.* at 152; accord

---

[1] The case was initially assigned to Judge J. Frederick Motz.

*Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'") (citation omitted). In addition, courts may also consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014). However, "'[i]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors . . . generally will not be considered.'" *Faulconer*, 808 Fed. App'x at 152 (quoting *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017)).

      I conclude that good cause does not exist to postpone the trial date.

      Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

      Sincerely,

      /s/
      Ellen Lipton Hollander
      United States District Judge

Sent via U.S. Mail to Mr. Borkowski, and by electronic mail to Mr. Martin and Mr. Ruther