IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CONSUMER FINANCIAL
PROTECTION BUREAU,

*Plaintiff*,

v.

ACCESS FUNDING, LLC, *et al.*.

*Defendants*.

Civil Action No. ELH-16-3759

**MEMORANDUM**

A bench trial in this long-running case is currently scheduled to begin on June 21, 2022. ECF 170; ECF 207. On May 9, 2022, about six weeks before the start of trial, Michael Borkowski, the sole remaining defendant, filed a "Motion to Stay, Or in the Alternative, Motion to Postpone Trial." ECF 224 (the "Motion").[1] The Motion is supported by several exhibits. ECF 224-1 to ECF 224-4.

The Motion seeks to stay the case or, alternatively, to postpone the trial, pending the conclusion of related State criminal proceedings involving two key witnesses: former defendants Charles Smith and Raffi Boghosian. Because they are defendants in criminal proceedings, they intend to assert their Fifth Amendment privilege against self-incrimination when called to testify in this case.

Simultaneously with submitting the Motion, Mr. Borkowski requested the expedited briefing and consideration of the Motion, given the upcoming trial date. *See* ECF 225; ECF 226.

---

[1] Mr. Borkowski was represented by counsel until July 2020. *See* ECF 126; ECF 127; ECF 128; ECF 130. He was thereafter self-represented until March 21, 2022, when new counsel noted their appearances. *See* ECF 208; ECF 209.

I granted the request. ECF 227. I also held a telephone status conference with counsel regarding the Motion. *See* ECF 228.

Subsequently, the Consumer Financial Protection Bureau ("CFPB"), plaintiff, responded in opposition to the Motion (ECF 229, the "Opposition"), supported by one exhibit. ECF 229-1. Mr. Borkowski has replied (ECF 231, the "Reply"), supported by two exhibits. ECF 231-1; ECF 231-2. And, CFPB has moved for leave to file a surreply to respond to a specific factual claim made in the Reply. ECF 232 (the "Surreply Motion"); *see* ECF 232-1 (proposed surreply); ECF 232-2 (Declaration in support of proposed surreply).

No hearing his necessary to resolve the motions. For the reasons that follow, I will grant the Surreply Motion and deny the Motion.

**I. Background**

CFPB filed suit against a host of defendants under the Consumer Financial Protection Act of 2010 (the "Act"), 12 U.S.C. §§ 5481 *et seq.*, regarding the purchase of structured settlements in tort suits. *See* ECF 1 ("Complaint"); ECF 44 ("Amended Complaint"). Put briefly, CFPB claims that the defendants violated the Act by participating in a scheme to pursue structured settlement holders in order to purchase their settlements on unfair terms.

The original defendants were Access Funding, LLC ("Access Funding"); Access Holding, LLC; Reliance Funding, LLC; Lee Jundanian, former Chief Executive Officer ("CEO") of Access Funding; Raffi Boghosian, Chief Operating Officer of Access Funding; Michael Borkowski, Chief Executive Officer of Access Funding; and Charles Smith, Esquire, an advisor for Access Funding consumers. I refer to Access Funding, LLC, Access Holding, LLC, Jundanian, and Boghosian as

the "Access Funding Defendants." Reliance Funding was dismissed as a defendant in October 2020. *See* ECF 149.[2]

By Memorandum Opinion (ECF 164) and Order (ECF 165) of July 12, 2021, the Court, *inter alia*, denied a motion to dismiss by the Access Funding Defendants (ECF 138), and denied motions for summary judgment filed by the CFPB (ECF 132), Mr. Smith (ECF 137), the Access Funding Defendants (ECF 140), and Mr. Borkowski (ECF 146). The motion practice followed extensive discovery among the parties. *See* Docket.

The Court held a status conference in open court with counsel and Mr. Borkowski on August 26, 2021. ECF 168. Then, on August 27, 2021, the Court issued a Scheduling Order (ECF 170), setting pretrial deadlines as well as a trial date of June 20, 2022, in accordance with the discussions on August 26, 2021.[3] I also referred the case to Magistrate Judge A. David Copperthite for a settlement conference. ECF 169.

On November 18, 2021, CFPB and Mr. Smith filed a joint stipulation asking the Court to enter a proposed "Stipulated Final Judgment And Order," resolving their dispute. ECF 183. The Court approved the stipulation the same day. ECF 184. About a month later, on December 17, 2021, CFPB and the Access Funding Defendants filed a joint stipulation, resolving their dispute. ECF 190. The Court approved the stipulation the same day. ECF 191.

---

[2] By Memorandum (ECF 123) and Order (ECF 124) of December 23, 2019, I granted defendants' joint motion for a stay of proceedings pending the Supreme Court's decision in *Seila Law LLC v. CFPB*, ___ U.S. ___, 140 S. Ct. 2183 (2020). After the Supreme Court issued its decision in *Seila Law* on June 29, 2020, I granted the parties' joint proposed scheduling order (ECF 129), so as to resume proceedings in the case. *See* ECF 131.

[3] This date was later moved to June 21, 2021, given that the Court will be closed on June 20 in observance of the Juneteenth holiday. *See* ECF 207.

As a result, Mr. Borkowski is the only remaining defendant. He is named in two counts of the Amended Complaint (ECF 44): Count IV, "Substantial Assistance to Smith's Unfair, Deceptive, and Abusive Acts" (*id*. ¶¶ 84-92), and Count V, "Abusive Acts and Practices Related to Advances to Consumers." *Id*. ¶¶ 93-99. Count IV is premised on the first three counts of the Amended Complaint, which allege that Mr. Smith engaged in unfair, deceptive, and abusive acts or practices, in violation of the Act, in his provision of legally required "independent professional advice" to structured settlement holders contemplating selling their payment streams to Access Funding. *See* ECF 44, ¶¶ 62-83. Count IV alleges that Mr. Borkowski (as well as the Access Funding Defendants, who have settled) knowingly or recklessly provided substantial assistance to Mr. Smith's acts or practices. *See id*. ¶¶ 91, 92. For its part, Count V alleges that Mr. Borkowski, as well as the Access Funding Defendants, engaged in abusive acts or practices in relation to the advances given to Access Funding consumers, in a variety of ways.

On December 20, 2021, three days after the Court approved the Access Funding Defendants' stipulation, Maryland Attorney General Brian Frosh obtained two-count indictments against Mr. Smith, Mr. Boghosian, and Anuj Sud, an Access Funding attorney. *See* ECF 224-2 (press release); ECF 224-3 (Smith indictment). Each individual has been charged, in the Circuit Court for Baltimore City, with "Theft Scheme Over $100,000" and "Conspiracy to Commit Theft Scheme Over $100,000." ECF 224-2 at 2. The charges relate to Access Funding's practices "obtaining structured settlement payment rights from lead poisoning victims in Baltimore City." *Id*. According to the Reply, at a "May 11 status conference, Hon. Melissa E. Phinn specially assigned the case to Hon. Phillip Jackson and scheduled a Motions Hearing, to be immediately followed by the Jury Trial, for October 24, 2022." ECF 231 at 3 (boldface omitted); *see also* ECF 231-1; ECF 231-2.

- 4 -

CFPB has served trial subpoenas, *inter alia*, on Mr. Smith and Mr. Boghosian. *See* ECF 216-1; ECF 224 at 3. Both Mr. Smith and Mr. Boghosian have responded that, given the ongoing criminal case, they intend to invoke their Fifth Amendment privilege against self-incrimination at the trial in this case. *See* ECF 213, ¶ 3; ECF 224 at 3; ECF 224-4. As of the Motion, Mr. Borkowski has served a trial subpoena on Mr. Smith, and intends to serve a trial subpoena on Mr. Boghosian, with the understanding that he will receive the same response. ECF 224 at 3. Also of relevance, the parties' Proposed Pretrial Order and Pretrial Memoranda are due on May 20, 2022. *See* ECF 212.

## II. Surreply Motion

As noted, CFPB has moved for leave to file a surreply. ECF 232. The filing of a surreply is within the Court's discretion. *See* Local Rule 105.2(a). "But, they are generally disfavored." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015); *see also, e.g., Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013). A surreply is ordinarily permitted when the party seeking to file the surreply "would be unable to contest matters presented to the court for the first time" in the opposing party's reply. *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 529 (D. Md. 2014) (quotations and citations omitted).

In his Reply, Mr. Borkowski states: "The Civil Penalty Fund is already open for claims by consumers, and in fact, has been paying out consumers over the past few months." ECF 231 at 4. CFPB contends that the assertion that the Civil Penalty Fund has thus far made any payments to consumers in this matter is factually untrue, and seeks to file a surreply to rebut it. ECF 232 at 1; *see* ECF 232-1.

Under the circumstances, it is appropriate to grant CFPB leave to file its surreply. Although Mr. Borkowski generally mentioned the Civil Penalty Fund in the Motion (*see* ECF 224 at 6, 9), he did not make the explicit assertion that it is already paying out claims to consumers until the Reply. And, the proposed surreply is brief, and narrowly focused on responding to this specific factual claim. *See* ECF 232-1. Therefore, I will grant the Surreply Motion. However, this factual dispute has little bearing on the overall Motion.

### III. Legal Standard

A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket. *Landis v. North American*, 299 U.S. 248, 254 (1936). Parallel criminal proceedings may sometimes support the stay of civil proceedings. *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013). But, "'[b]ecause of the frequency with which civil and regulatory laws overlap with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings.'" *Id.* (quoting *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D. W. Va. 2005)) (alteration mine).

As CFPB and Mr. Borkowski agree (*see* ECF 224 at 4-5; ECF 229 at 2), judges in this District have tended to use one of two similar, multifactor tests in determining whether a stay of civil proceedings is appropriate due to parallel criminal proceedings. The first is a five-factor test, which looks to: "(1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiffs if delay [sic]; (2) the burden on defendants; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest." *In re Mid-Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981).

The second is a six-part test that considers: "(1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case including whether the defendants have been indicted; (3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation; (4) the private interests of, and the burden on, the defendant; (5) the interest of the courts; and (6) the public interest." *In re Royal Ahold N.V. Securities & Erisa Litig.*, 220 F.R.D. 246, 253 (D. Md. 2004) (internal citations omitted). The tests "follow essentially the same approach of balancing competing interests to determine whether the movant's interest in a stay is outweighed by the prejudice faced by the non-moving party." *Infotek Corp. v. Preston*, CCB-18-1386, 2021 WL 4521330, at *2 (D. Md. Oct. 4, 2021).

"The party seeking a stay bears the burden of establishing the necessity of a stay." *Chartis Property Cas. Co. v. Huguely*, DKC-13-1479, 2013 WL 5634266, at *3 (D. Md. Oct. 15, 2013). "A stay of civil proceedings is most appropriate when a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Infotek Corp.*, 2021 WL 4521330, at *1. And, "[w]hile courts should attempt to accommodate a litigant's Fifth Amendment concerns, 'a stay is improper if the opposing party demonstrates that it will result in genuine, substantial prejudice to its interests.'" *Id*. (quoting *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 558 (E.D. Va. 1995)).

## IV. Discussion

Considering the factors set forth above, I conclude that a stay or postponement of the trial is not appropriate.

It is clear that there is considerable overlap between the issues in this case and those in the criminal proceedings against Mr. Smith, Mr. Boghosian, and Mr. Sud. Indeed, CFPB does not appear to argue otherwise. And, I agree that Mr. Borkowski has an interest in procuring the

testimony of Mr. Smith and, to a lesser extent, Mr. Boghosian. But, in my view, these considerations are outweighed by the significant interest on the part of the public; CFPB; the alleged victims; and the Court, in the resolution of this longstanding matter. Moreover, because the witnesses were deposed, Mr. Borkowski will have access to their testimony, albeit in another format.

As noted, this litigation began six years ago, in 2016. *See* ECF 1. Since that time, there has been an Amended Complaint (ECF 44), as well as a proposed Second Amended Complaint (*see* ECF 106); considerable discovery; vigorous motion practice, resulting in multiple opinions issued by this Court (*see* ECF 27; ECF 42; ECF 66; ECF 87; ECF 118; ECF 123; ECF 164); and one prior six-month stay. *See supra* note 2. After I resolved the parties' various cross-motions for summary judgment in July 2021 (*see* ECF 164), I set a trial date approximately ten months into the future. ECF 170. I was not happy with that delay; I had hoped for an earlier trial date. But, this was the first available date for counsel for Mr. Smith, who was still a defendant at that time. *See id*. at 1.

Given the significant amount of time that has passed since this case first began, and the delays that have already occurred, there is a substantial public interest in bringing the case to a conclusion. "The public has a strong interest in the prompt, effective, and efficient administration of justice; the public's interest in the dispensation of justice that is not unreasonably delayed has great force." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978).

Likewise, CFPB, as plaintiff, has a strong interest in the case coming to trial, as scheduled. With the passage of time, "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end." *Toyota Antitrust Litig.*, 92 F.R.D. at 359. Furthermore, a stay creates a risk that "Defendant[ ] will have fewer

monetary resources available for Plaintiff to collect on any financial judgment." *Avalon Communities, Inc. v. San Jose Water Conservation Corp.*, Civ. No. 07-306, 2007 WL 2481291, at *2 (E.D. Va. Aug. 27, 2007), *aff'd*, 325 Fed. App'x 217 (4th Cir. 2009).  And, CFPB intends on calling other witnesses at trial, and is seeking consumer redress and civil monetary penalties from Mr. Borkowski.  ECF 229 at 6; *see also* ECF 44 at 19.[4]  Thus, CFPB would be prejudiced by a stay.  Moreover, this stay could also harm the alleged victims in this case, who are not directly parties but plainly have a substantial interest in its resolution.

In addition, the Court has an interest in the expeditious conclusion of a matter that has long been pending on its docket.  *Cf. Infotek*, 2021 WL 4521330, at *3 (concluding that "a stay would not serve the court's interest in judicial economy or the public's interest in efficient administration of justice").  And, although Mr. Borkowski emphasizes the prejudice to him from not permitting a stay, he also has an interest in clearing the legal uncertainty that has dogged him for years.

Under these circumstances, the Court has repeatedly underscored the importance of proceeding to trial on the scheduled date.  When prospective counsel for Mr. Borkowski sought guidance as to the potential postponement of the trial to enable them to represent Mr. Borkowski, I indicated that I was unwilling to alter the trial date.  *See* ECF 206.  And, when several challenges were filed to CFPB's trial subpoenas, I expressed my concern that resolution of these challenges could threaten the timely start of the trial.  *See* ECF 221.  In response, CFPB withdrew the contested portions of the subpoenas.  *See* ECF 222; ECF 230.

---

[4] Mr. Borkowski argues that this redress issue is moot, given that, as a result of CFPB's settlements with the Access Funding Defendants and Mr. Smith (*see* ECF 184; ECF 191), CFPB's Civil Penalty Fund has already been opened for claims by alleged victims. ECF 224 at 6, 9; ECF 231 at 4. CFPB contests that any payments have been made from the Civil Penalty Fund in this matter. *See* ECF 232-1. But, in any case, a potential judgment against Mr. Borkowski would presumably increase the amounts collected by CFPB, and available for consumer redress.

Staying the case to permit the resolution of the State criminal proceedings introduces the possibility of serious delay. CFPB argues a delay would "likely last years." ECF 229 at 4. In his Reply, Mr. Borkowski notes the recent scheduling of a motions hearing in State court on October 24, 2022, followed by a jury trial. ECF 231 at 2-3. But, even assuming that trial begins on schedule—hardly a sure thing in a busy State court, as the Motion itself reflects—this does not mean that the criminal proceedings as a whole will end with the trial. For example, if one of the defendants were convicted, an appeal could stretch into 2023 or 2024.[5] And, even after the criminal proceedings end and this matter has resumed, the parties would have to reschedule a trial, and any judgment in this Court could also prompt an appeal.

Aside from the importance of the prompt resolution of this case, the prejudice to Mr. Borkowski is diminished by the availability of substantial discovery material that may be introduced at trial. Mr. Smith and Mr. Boghosian both were deposed during discovery. ECF 229 at 5; ECF 229-1, ¶ 4. Prior counsel for Mr. Borkowski appeared at each of these depositions. ECF 229-1, ¶ 5. In addition, both Mr. Smith and Mr. Boghosian testified at CFPB "investigational hearings" during the agency's investigation into this matter. ECF 229 at 5; ECF 229-1, ¶ 3. As CFPB notes (ECF 229 at 5), and Mr. Borkowski does not appear to dispute, the rule against hearsay does not apply if a witness is "unavailable" because he has successfully invoked his Fifth Amendment privilege. *See* Fed. R. Evid. 804(a)(1); *United States v. MacCloskey*, 682 F.2d 468, 477 (4th Cir. 1982) ("The law is clear that a witness is unavailable under Rule 804(a)(1) when he

---

[5] Mr. Borkowski counters that it is inappropriate to assume that Mr. Smith and Mr. Boghosian will be convicted, adding: "Given the evidence against them, it is actually highly unlikely that Smith and Boghosian will be convicted." ECF 231 at 3. Of course, Mr. Smith and Mr. Boghosian are presumed innocent until proven guilty. The Court ventures no predictions as to the outcome of the proceedings against them. But, the Court must keep all possibilities in mind when considering the effects of a stay.

invokes the Fifth Amendment privilege and the claim is sustained by the trial court."). Therefore, Mr. Borkowski will not be deprived of critical witness testimony. Moreover, although Mr. Borkowski emphasizes the value of in person testimony (*see* ECF 231 at 3), such a manner of testimony is perhaps not as critical in the context of a bench trial, as opposed to a jury trial.

Mr. Borkowski argues that this discovery material does not adequately address the claims against him that are contained in Counts IV and V. *See id*. But, it bears emphasizing that Mr. Borkowski had considerable opportunity during discovery to seek testimony and information as to these issues. Therefore, to the extent that the discovery record is insufficient, Mr. Borkowski himself must shoulder some of the responsibility.[6] And, an inadequate discovery record will also affect CFPB's ability to mount its own case, even acknowledging that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

CFPB argues that Mr. Smith and Mr. Boghosian have a weaker Fifth Amendment argument than might be assumed. It notes the discovery provided by both witnesses, as discussed above, along with the Affidavit provided by Mr. Smith (ECF 46-2) with his motion to dismiss. ECF 229 at 4-5. And, it asserts that a witness may, in some contexts, waive his Fifth Amendment privilege by voluntarily testifying on his own behalf, *see Brown v. United States*, 356 U.S. 148, 155-56

---

[6] I recognize that current counsel for Mr. Borkowski did not represent him at the time. Nevertheless, this does not shield Mr. Borkowski from the consequences of his litigation strategy, or the strategy of his previous counsel, during prior stages of this litigation.

Furthermore, Mr. Borkowski's current counsel represents in the Motion that he did not realize the extent to which CFPB would rely on evidence pertaining to Mr. Smith and Mr. Boghosian until reviewing CFPB's draft Proposed Pretrial Order. *See* ECF 224 at 1 n.1. But, the importance in particular of Mr. Smith should have been apparent before then. For example, Count IV of the Amended Complaint is titled "Substantial Assistance to Smith's Unfair, Deceptive, and Abusive Acts." ECF 44 at 16.

(1958); by voluntarily providing an Affidavit, *see In re Edmond*, 934 F.2d 1304, 1308-09 (4th Cir. 1991); or by making a "gratuitous" statement in a deposition. *See Nutramax Laboratories, Inc. v. Twin Laboratories, Inc.*, 32 F. Supp. 2d 331, 333-37 (D. Md. 1999). It is difficult to evaluate these contentions without a more complete argument, and without reference to any specific invocation of the privilege.[7] Under the circumstances, the Court views Mr. Smith and Mr. Boghosian's Fifth Amendment arguments as far from frivolous. But, I do not believe that this outweighs the competing interests discussed in this Memorandum.

Finally, there is no doubt that Mr. Smith and Mr. Boghosian are important witnesses. However, this is not a classic case in which the same defendant is targeted in both civil and criminal proceedings. *See Infotek Corp.*, 2021 WL 4521330, at *1 ("A stay of civil proceedings is most appropriate when a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter."). Mr. Borkowski has not been criminally indicted. This also weakens the case for a stay.

### V. Conclusion

For the foregoing reasons, I conclude that a stay is not warranted. I will deny the Motion. An Order follows.

Date:  May 16, 2022                                        /s/
                                                           Ellen L. Hollander
                                                           United States District Judge

---

[7] In the Reply, Mr. Borkowski criticizes CFPB for raising these arguments for the first time in the Opposition, "on the eve of trial." ECF 231 at 1-2. But, it is not clear that the introduction of these arguments has much relevance for purposes of the Motion.