THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>    Plaintiff,<br><br>  v.<br><br>ACCESS FUNDING, LLC, *et al.*,<br><br>    Defendants. | Case No. 1-16-cv-03759-ELH |

# [PROPOSED] CONSENT ORDER

The Parties jointly submit this Consent Order for approval and entry by the Court. The Bureau commenced this civil action on November 21, 2016, to obtain injunctive and monetary relief and civil penalties from Access Funding, LLC, Access Holding, LLC, Reliance Funding, LLC, Lee Jundanian, Raffi Boghosian, Charles Smith, and Michael Borkowski (Borkowski). The Bureau filed an Amended Complaint (Complaint) on December 13, 2017. The Complaint alleges violations of §§ 1031 and 1036 of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536, in connection with unfair, abusive, and deceptive practices related to the transfer of consumers' future structured-settlement payments in exchange for immediate lump-sum payments. The Bureau and Borkowski enter into this Consent Order without adjudication of any issue of fact or law, to voluntarily settle and resolve matters in dispute arising from the conduct alleged in the Complaint.

## FINDINGS

1. Borkowski had an ownership interest in Access Holding and served in executive positions at Access Funding from their inception to their dissolution.

2. The Court has jurisdiction over the Parties and subject matter of this action.

3. Borkowski neither admits nor denies any of the allegations in the Complaint except that, for the purposes of this Consent Order, he admits facts necessary to establish this Court's jurisdiction over it and over the subject matter of this action.

4. Borkowski waives all rights to seek judicial review or otherwise challenge or contest the validity of this Consent Order and any claim he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Consent Order. The Bureau and Borkowski agree to bear their own costs and expenses, including, without limitation, attorneys' fees.

5. Entry of this Consent Order is in the public interest.

## DEFINITIONS

6. "Effective Date" means the date on which this Consent Order is entered by the Court.

7. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

8. "Related Consumer Action" means a private action by or on behalf of one or more Access Funding customer or an enforcement action by another governmental

2

agency brought against the Borkowski based on substantially the same facts as described in the Complaint.

## CONDUCT PROVISIONS

### I.

### Prohibited Conduct

**IT IS ORDERED that:**

9. Borkowski and all other persons in active concert or participation with him who have actual notice of this Consent Order, whether acting directly or indirectly, may not violate §§ 1031 and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531, 5536(a)(1)(B).

10. Borkowski and all other persons in active concert or participation with him who have actual notice of this Consent Order, whether acting directly or indirectly, in connection with the transfer of payment streams from structured-settlement holders, may not:

   a. misrepresent, expressly or impliedly:

      i. the relationship between Borkowski and any provider of independent professional advice;

      ii. any other fact material to consumers, such as the material risks, total costs, or conditions of any advance.

   b. take unreasonable advantage of consumers' lack of understanding of the material risks, costs, or conditions of any advance.

11. Borkowski, whether acting directly or indirectly, shall not refer consumers to a specific individual or for-profit entity for advice concerning any structured-settlement transaction, including for independent professional advice.

3

## II.

## Customer Information

**IT IS FURTHER ORDERED that:**

12. Borkowski and all other persons in active concert or participation with him who receive actual notice of this Consent Order, whether acting directly or indirectly, may not disclose, use, or benefit from an Access Funding customer's information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to an Access Funding customer's account (including a credit card, bank account, or other financial account), that Borkowski obtained before the Effective Date in connection with any purchase, acquisition, or transfer of the right to payments under a structured settlement. *However*, an Access Funding customer's information may be disclosed in connection with a Related Consumer Action, in response to legal process requiring such disclosure, if requested by a government agency or required by law, regulation, court order, or as required in an administrative or regulatory matter or proceeding.

## MONETARY PROVISIONS

## III.

## Civil Money Penalty

**IT IS FURTHER ORDERED that:**

13. Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in Counts IV and V of the Complaint, and taking into account the factors in 12 U.S.C. § 5565(c)(3), Borkowski must pay a civil money penalty of $5,000 to the Bureau.

14. Within 10 days of the Effective Date, Borkowski must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

15. The civil money penalty will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

16. Borkowski must treat the civil money penalty paid under this Consent Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Borkowski may not:

    a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Consent Order; or

    b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Consent Order.

17. Borkowski agrees that the civil penalty imposed by the Consent Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus, as to them, it is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

5

IV.

**Additional Monetary Provisions**

**IT IS FURTHER ORDERED that:**

18. In the event of any default on Borkowski's obligations to make payment under this Consent Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

19. Borkowski relinquishes all dominion, control, and title to the funds paid under this Consent Order to the fullest extent permitted by law, and no part of the funds may be returned to him.

20. The facts alleged in the Complaint will be taken as true solely for the purposes noted herein and will be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Consent Order, or in any subsequent civil litigation only by or on behalf of the Bureau in a proceeding to enforce its rights to any payment or monetary judgment under this Consent Order.

21. Under 31 U.S.C. § 7701, Borkowski, unless he has already done so, must furnish to the Bureau his taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Consent Order.

22. Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Borkowski must notify the Bureau of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Borkowski paid or is required to pay to Access Funding's

consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Borkowski may not argue that he is entitled to, nor may he benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Borkowski based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Borkowski must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

23. Under § 604(a)(I) of the Fair Credit Reporting Act, 15 U.S.C.§ 1681b(a)(1), any consumer-reporting agency may furnish to the Bureau a consumer report concerning Borkowski, and any such report may be used for purposes of collecting and reporting on any delinquent amount arising out of this Consent Order.

## COMPLIANCE PROVISIONS

### V.

### Reporting Requirements

**IT IS FURTHER ORDERED that:**

24. Borkowski must notify the Bureau of any development that may affect compliance obligations arising under this Consent Order, including but not limited to

7

the filing of any bankruptcy or insolvency proceeding by or against Borkowski before full payment of the Civil Money Penalty. Borkowski must provide this notice, if practicable, at least 30 days before the development, but in any case no later than 14 days after the development.

25.  Within 7 days of the Effective Date, Borkowski must:

   a.  designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Borkowski;

   b.  identify all businesses for which Borkowski is the majority owner or which Borkowski directly or indirectly controls that are engaged in offering or providing consumer-financial products or services or other practices subject to this Consent Order, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

   c.  describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales; and

   d.  identify all of Borkowski's telephone numbers and all email, Internet, physical, and postal addresses, including all residences.

26.  Borkowski must report any changes in the information required to be submitted under Paragraph 25(b) and 25(c) at least 30 days before the change or as soon as practicable after the learning about the change, whichever is sooner.

27. Within 90 days of the Effective Date, and again one year after the Effective Date, Borkowski must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report), which, at a minimum:

    a.    lists each applicable paragraph and subparagraph of the Consent Order and describes in detail the manner and form in which he has complied with each such paragraph and subparagraph of this Consent Order; and

    b.    attaches a copy of each Order Acknowledgment obtained under Section VI, unless previously submitted to the Bureau.

## VI.

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED that:**

28. Within 7 days of the Effective Date, must submit to the Enforcement Director an acknowledgement of receipt of this Consent Order, sworn under the penalty of perjury.

29. Within 30 days of the Effective Date, Borkowski, for any business for which he is the majority owner or which he directly or indirectly controls that offers or provides any consumer-financial products or services or other services or practices subject to this Consent Order, must deliver a copy of this Consent Order to its executive officers, as well as to any managers, employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of the Consent Order.

9

30. For 5 years from the Effective Date, Borkowski, for any business for which he is the majority owner or which he directly or indirectly controls that offers or provides any consumer-financial products or services or other services or practices subject to this Consent Order, must deliver a copy of this Consent Order to any future board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who will have responsibilities related to the subject matter of the Consent Order before they assume their responsibilities.

31. Borkowski must secure a signed and dated statement acknowledging receipt of a copy of this Consent Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 et seq., within 30 days of delivery, from all persons receiving a copy of this Consent Order under this Section.

32. Within 90 days of the Effective Date, Borkowski must provide the Bureau with a list of all persons and their titles to whom this Consent Order was delivered through that date under Paragraphs 29 and 30 and a copy of all signed and dated statements acknowledging receipt of this Consent Order under Paragraph 31.

## VIII.

## Compliance Monitoring

**IT IS FURTHER ORDERED that:**

33. To monitor Borkowski's compliance with this Consent Order, within 14 days of receipt of a written request from the Bureau, Borkowski must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; provide sworn testimony; or produce documents.

10

34. For purposes of this Section, the Bureau may communicate directly with Borkowski unless he retains counsel related to these communications.

35. Borkowski must permit Bureau representatives to interview any employee or other person affiliated with him who has agreed to such an interview regarding: (a) this matter; (b) anything related to or associated with the conduct described the Complaint; or (c) compliance with this Consent Order. The person interviewed may have counsel present.

36. Nothing in this Consent Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

## IX.

## Notices

**IT IS FURTHER ORDERED that:**

37. Unless otherwise directed in writing by the Bureau, Borkowski must provide all submissions, requests, communications, or other documents relating to this Consent Order in writing, with the subject line, "*CFPB v. Access Funding*, Case No. 1-16-cv-03759-ELH," and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

> Assistant Director for Enforcement
> Bureau of Consumer Financial Protection
> ATTENTION: Office of Enforcement
> 1700 G Street, N.W.
> Washington D.C. 20552

11

## XI.

## Retention of Jurisdiction

**IT IS FURTHER ORDERED that:**

38. All pending motions are hereby denied as moot.

39. The Court will retain jurisdiction of this matter for purposes of enforcement of this Consent Order.

40. The Clerk shall close this case. *ELH*

**SO ORDERED AND ADJUDGED.**

_Ellen L. Hollander_     5/18/22

The Honorable Ellen Lipton Hollander     DATE
United States District Judge